HELEN GWIAZDA *vs.* FRANK S. BERGIN ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 15th—decided June 3d, 1936.

*Charles E. Mahoney,* for the appellant (plaintiff).

*Harry L. Brooks,* Assistant Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellee (defendant Liquor Control Commission).

PER CURIAM. The liquor control commission refused a package store permit to the plaintiff, and its action was sustained by the Superior Court on appeal. It is not questioned that the plaintiff is in all respects a proper person to hold such a permit and it was refused by the commission because it considered the place for which it was sought to be unsuitable. That place was a portion of the ground floor of a building owned by the plaintiff, this portion adjoining but entirely separate from another part in which the plaintiff's father and mother conducted a meat and grocery store. The plaintiff is unmarried and lives with her parents, brother and sisters in the upper part of the building. A brother applied for a package store permit in the location now in question, but withdrew it, and thereupon the plaintiff resigned her position of employment in New York City and made the application we are considering. It is the intention of the plaintiff, if the permit is granted, personally to conduct the place as a package store. All members of the family bear a good reputation in the village where they live except as hereafter stated.

During and subsequent to prohibition, the store

conducted by the plaintiff's parents had the reputation of being one where intoxicating liquors were sold and intoxicated persons were frequently seen going in and out, although the parents were never arrested for violating the liquor laws; but sales of liquor on the premises had not been made during the seven or eight months before this action was heard. Considering the situation of the place, in the same building and next door to the store conducted by the plaintiff's parents, with the evil reputation that store had, and that the plaintiff is unmarried and a member of their family, the commission might well have concluded that that reputation could not be dissevered from the place for which the permit is now sought, that the parents might exercise a strong influence over the way in which the business would be conducted, and that they were in fact seeking through the plaintiff to secure the issuance of a permit for the place when they could not hope to secure one for themselves. As pointed out by the trial court, it could not properly sustain the appeal unless it could find that the commission acted arbitrarily, illegally or in abuse of its discretion. *Huntington Telephone Co.* v. *Public Utilities Commission*, 118 Conn. 71, 80, 170 Atl. 679. We agree with the trial court that this could not be found to be so in this case.

There is no error.