CATHERINE WILKS *vs.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 8th—decided February 4th, 1937.

444

*John T. Cullinan,* with whom, on the brief, was *Albert L. Coles,* for the appellant (plaintiff).

*Frank J. Di Sesa,* Assistant Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellee (defendant).

BROWN, J. The liquor control commission refused a restaurant permit to the plaintiff, and its action was sustained by the Superior Court on appeal. The referee's reports disclose the following undisputed material facts: The plaintiff owns the building at 2510 East Main Street in the industrial section of Bridgeport, where on the premises in question she has conducted a restaurant for five years, and during 1933, 1934, and 1935 under a permit granted by the commission. Late in 1935 the plaintiff's husband applied for a restaurant permit for these premises. Between November 25th, 1920, and April 7th, 1930, he had been convicted six times for violations of the liquor law. When this fact was brought out at the hearing before the commission, he withdrew his application. Thereupon the plaintiff made the present application for the permit in her name. The place is a restaurant within the act. The plaintiff's husband is actively employed by her in the conduct of the restaurant business at this place. January 8th, 1936, the commission notified the plaintiff that her application was denied

because of her being an unsuitable person in view of the reputation of her husband employee.

That the trial court could not properly sustain the plaintiff's appeal unless it could find that the defendant acted arbitrarily, illegally, or in abuse of its discretion, is established by a long line of decisions of this court, of which the most recent dealing specifically with the powers of the defendant commission, is *Gwiazda* v. *Bergin*, 121 Conn. 705, 707, 185 Atl. 416. This the plaintiff does not dispute. Her contention is, however, that the legislative intent as expressed in the Liquor Control Act, Chapter 151 of the 1935 Supplement to the General Statutes, does not warrant the commission's conclusion that the plaintiff is an unsuitable person because of the employment by her on the permit premises of her husband, having the record of convictions above recited. Her further claim is that though it be held that the act, exclusive of § 1046c thereof, is not to be so construed, the effect of this section, which expressly forbids the employment on permit premises of any person "within two years from the date" of his conviction of violating a federal or state liquor law, is to exclude from the commission's consideration as a matter of law any such conviction suffered prior to this two years period.

This latter contention is patently without merit. The provision does in effect deprive the commission of discretion to grant a permit where a person so convicted within two years is to be employed on the premises of the applicant, but it does not in the slightest curtail its right to give full consideration to such an employee's convictions of this offense at any time prior to the two years prescribed, in the exercise of its discretion in determining whether or not to grant a permit. As to the former contention, even a cursory examination of the chapter as a whole is sufficient to

reveal that the intent of the act as expressed therein is to provide for the control and regulation of the liquor business, deemed necessary for the reasonable protection of the public from this traffic. To this end the act provides for the establishment of the defendant commission, and expressly empowers it to enforce the law, to make needful rules and regulations to that end, to issue all permits to sell, and "generally to do whatever is reasonably necessary for the carrying out the intent of this chapter." § 1019c. As to the issuance of permits, it further provides that "no permit shall be granted . . . to any applicant unless he shall have a character, record and reputation satisfactory to the commission." § 1046c. In its exercise of these broad powers, was the commission warranted in concluding that the plaintiff was an unsuitable person?

It is self-evident that a person suitable per se to receive a permit may be rendered an unsuitable person if, for example, he is completely subject to the domination of another who is himself an unsuitable person, in operating under it. The same is true of a person suitable to receive a permit, who in the operation under it, becomes a permittee in name only in order to enable the real party in interest who is an unsuitable person, in fact to control and carry on the business for himself. Therefore, where the commission has ground for believing that an applicant, though himself a suitable person, will be rendered an unsuitable permittee through either the domination, or the exclusive operating interest, or both, of another who is unsuitable, it can with reason deny the application. So it might, in the exercise of its discretion, hold one to be unsuitable as a permittee who employs a person in the active conduct of the business whose reputation is such as to make it likely that he will become a party to violations of the law. The withdrawal of the plain-

tiff's husband's application for this permit only after his criminal record became known to the commission, this ensuing application by the plaintiff in her own name, and the continued employment of the husband in the conduct of the business, coupled with the fact of the husband's record of this series of liquor law convictions, afforded ample ground for the reasonable conclusion by the commission that under the circumstances the plaintiff was an unsuitable person. The case of *Gwiazda* v. *Bergin,* supra, is sufficiently analogous on its facts to constitute authority supporting this conclusion, although suitability of place rather than of person was there in issue.

There is no error.

In this opinion the other judges concurred.