JOSEPH P. RICE *vs.* THE ZONING BOARD OF APPEALS OF MILFORD.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 6th—decided February 4th, 1937.

*Alexander Winnick,* with whom, on the brief, was *Max H. Schwartz,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

BANKS, J.  On December 11th, 1935, plaintiff became the owner of a three-story frame building on Park Circle in Milford.  He paid $1000 for the property.  The building alone is assessed at $5000.  It contains eight bedrooms on each floor, and had been used as a dormitory in connection with a tutoring school for a considerable time prior to the adoption of zoning regulations in the town.  It is located in Residence Zone B., and is conceded to be a so-called nonconforming use, the zoning regulations forbidding the erection, alteration or use within such zone of a dwelling for the housing of more than two families.  The plaintiff made application to the building inspector for permission to change the building into an apartment house containing six apartments of four rooms each.  The application was denied by the building inspector and, upon appeal, by the zoning board of appeals, whose action was sustained by the trial court.  The zoning board of appeals denied the application upon the ground that the zoning regulations would not permit the proposed alterations because (1) they contemplated an extension of a nonconforming use so as to diminish the extent of a conforming use in violation

of Section VII b. of the zoning regulations, and (2) upon the evidence presented to the board it was impossible for it to determine whether the alterations would comply with the provisions of Section VII c. of the regulations.

The zoning regulations governing nonconforming buildings and uses are contained in Section VII, the material portion of which reads as follows: "Any nonconforming use existing at the time of the passage of these regulations may be continued and any existing building designed, arranged, intended for or devoted to a non-conforming use may be reconstructed and structurally altered, and the non-conforming use therein changed subject to the following regulations: a. No non-conforming use shall, if once changed into a conforming use, be changed back again into a nonconforming use.  b. No non-conforming use shall be extended so as to diminish the extent of a conforming use.  c. The cost of structural alterations made in such building shall in no case exceed fifty per cent. of its assessed value, nor shall the building be enlarged unless the use therein is changed to a conforming use."  It will be noted that this section not only contains the customary provision for the continuance of an existing nonconforming use but expressly authorizes a change in such use subject to the conditions therein stated. Plaintiff's plans did not call for any enlargement of the building, which was devoted to a nonconforming use which had not been changed into a conforming use.  He was therefore entitled under the provisions of this section of the zoning regulations to structurally alter it and change the nonconforming use unless, in violation of subsection b, the existing nonconforming use was "extended so as to diminish the extent of a conforming use," or, in violation of subsection c, the

cost of the structural alteration would exceed 50 per cent. of the assessed value of the building.

The express permission to structurally alter the building and change the nonconforming use is limited in subsection b only by the proviso that the nonconforming use shall not be "extended so as to diminish the extent of a conforming use." Whatever construction is to be placed upon the language of this limitation, it is apparent that it can have no application to the situation here present. The proposed structural changes in the building were confined to alterations of the interior of the building which would result in a change from one nonconforming use to another, but could not have any effect upon a conforming use since the existing use of the building was an entirely nonconforming one. The board of appeals could not legally deny plaintiff's application upon the ground that the proposed structural changes would be in violation of this subsection.

The zoning board of appeals was justified in denying the application if it did not appear that the proposed alteration would in no case exceed 50 per cent. of the assessed value of the building in accordance with the provisions of subsection c. The trial court found that at the meeting of the board the plaintiff stated in a general way that he could make the alterations and keep within 50 per cent. of the assessed valuation. It also found, upon the evidence before it, that the cost of the alterations would exceed that amount. The only evidence of the cost was that given by the plaintiff that it would be "about $2150," which did not include the value of his own services in installing the plumbing and heating, rather vaguely estimated by him to be about $250. The trial court in its conclusions stated that it did not believe the plaintiff when he testified that the cost would be less than 50 per cent.

of the assessed value, and that his vagueness, his manner of testifying, and his complete lack of figures to support his estimates, led to the conclusion that the cost would be in excess of $2500. The court was not obliged to give credence to the plaintiff's unsubstantiated estimates of the cost of the proposed alteration, and upon the evidence before it was justified in finding that it would exceed 50 per cent. of the assessed value of the building, and that the zoning board of appeals did not act illegally or arbitrarily in denying the application upon that ground. It follows that it did not err in sustaining the action of the zoning board of appeals in denying plaintiff's application.

There is no error.

In this opinion the other judges concurred.