ALEXANDER SKARZYNSKI *vs.* LIQUOR CONTROL COMMISSION ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued February 3d—decided March 4th, 1937.

*Frank J. DiSesa,* Assistant Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellant (named defendant).

*William Reeves,* with whom was *Samuel G. Payne,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff had been granted a tavern permit by the liquor control commission. In his application for that permit, in answer to a question, "Have you ever paid a fine or penalty for any prosecution against you for any violation of any federal or state law," he stated that he had, twice, in October, 1917, and February, 1927, for "assault, liq." He subsequently fitted up his place of business as a restaurant and applied to the commission for a restaurant permit. In this application he answered the question above quoted in the affirmative, stating the number of times as three, the offense as "selling" and the time as "1927 and prior thereto." On February 24th, 1936, he appeared before the commission for hearing on this application. Thereafter the commission notified him to appear before it to show cause why his tavern permit should not be revoked. He did appear and answered all questions put to him. On April 1st, 1936, he was notified that his tavern permit had been revoked because of "unsuitability of person based on reputation and record as determined by facts found by the commission subsequent to the issuance of the tavern permit" and that his application for a restaurant permit was denied because of "unsuitability of person by reason of reputation and record." He appealed to the Superior Court from the two rulings of the commission.

In that court the matter was referred to a state referee. To a report made by him the commission

filed a remonstrance, one ground being that the referee failed to find either sufficient facts upon which to base a conclusion as to the suitability of the applicant or the ultimate fact itself. The trial court, without formally ruling on the remonstrance, recommitted the matter to the referee who filed a supplemental report in which he found that the applicant was a suitable person to have a permit. On December 4th, 1936, the trial court overruled the remonstrance, accepted the original report, and also the supplemental report, "no remonstrance thereto having been filed," and adjudged the plaintiff to be a suitable person to hold a tavern permit and receive a restaurant permit. The commission has appealed to this court and two of the assignments of error are that the court erred in holding that the action of the commission in revoking the tavern permit and in refusing to grant the restaurant permit were erroneous.

The plaintiff questions the propriety of this appeal, substantially on the ground that the finding of the referee that he was a suitable person to have a permit and the acceptance of his report cannot be questioned in the absence of any appeal from the overruling of the remonstrance. This contention requires a statement of the nature of an appeal to the Superior Court from a decision of the liquor control commission. In the section of the Liquor Control Act concerning appeals, it is provided: "If said court shall decide, upon the trial of such appeal, that the applicant is a suitable person to sell alcoholic liquor, and that the place named in his application is a suitable place, within the class of permit applied for or revoked, and shall render judgment accordingly," a copy of the judgment is to be transmitted to the commission "and the commission shall thereupon issue a permit to such appellant." General Statutes, Cum. Sup. 1935, § 1055c.

This provision is taken almost verbatim from the section of the statutes providing for an appeal from the action of county commissioners in refusing to grant a license to sell intoxicating liquor in effect before the era of national prohibition. General Statutes, Rev. 1918, § 2754. Despite the provision in that statute that if the court found the applicant to be a suitable person, a license should issue to him, we have held that the farthest it could go was to review the action of the county commissioners to determine whether or not they had acted legally and in the exercise of a reasonable discretion. *Moynihan's Appeal,* 75 Conn. 358, 53 Atl. 903; *Farrell's Appeal,* 85 Conn. 701, 703, 84 Atl. 102. We must give a like effect to the same language as it is used in the Liquor Control Act. Hence we have held that the action of the commission in refusing to grant a permit must be sustained unless it appears that it acted "arbitrarily, illegally or in abuse of its discretion." *Gwiazda* v. *Bergin,* 121 Conn. 705, 707, 185 Atl. 416; *Wilks* v. *Liquor Control Commission,* 122 Conn. 443, 190 Atl. 262.

The issue so presented is one which only the trial court can itself determine upon the basis of the facts found by it or by a committee or referee. In determining that question the court must often consider how the case stood before the commission. The statute specifically provides: "Upon such appeal, the reasons of the commission in refusing the application or in revoking a permit may be received as evidence." General Statutes, Cum. Sup. 1935, § 1055c. If it should appear from the records of the commission that an applicant offered no evidence before it as to some fact which the Legislature has made a condition of the issuance of a permit, and the permit was refused on that ground, proof before the court that he actually had complied with the condition would not justify an

order to the commission that the permit issue; and this would be true if the evidence upon a disputed issue before the commission would reasonably justify it in coming to the conclusion it reached, even though the trial court would have reached a different conclusion upon that evidence or upon the evidence offered before it. *Moynihan's Appeal,* supra, p. 365; see *Rice* v. *Zoning Board of Appeals of Milford,* 122 Conn. 435, 190 Atl. 257. As we have said in reference to appeals from zoning boards of appeal: "But while the statute does not in terms require a formal finding of facts, it is, nevertheless, highly desirable that the minutes contain a full and complete statement of the action of the board, with such particularity as will enable the court, upon appeal, to clearly understand what was done." *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 179, 171 Atl. 26.

Where it does not appear on the hearing upon the appeal what conclusions of fact the commission reached, the court can only, by hearing the evidence or by reference, determine what the facts really were and assume that the commission had those facts before it. The referee or committee should only find the facts relevant to the issue whether the commission acted properly or improperly, leaving the decision of that question for the court to make. The report of the referee that plaintiff was a suitable person to have a permit in no way determined that issue and the only ruling of the trial court which did decide it was the finding in the judgment of the issues for the plaintiff. The commission was entitled to make that decision the basis of its appeal without regard to the ruling of the court upon the remonstrance; and as that decision was presented upon the face of the record, no finding was necessary. Practice Book, §§ 335, 336, 341.

The referee found that, in addition to a conviction

of the crime of assault in 1917, evidently of a minor nature, and two later instances where he was charged with violations of the liquor law and found not guilty, the plaintiff, on December 30th, 1920, was convicted of a violation of the liquor law and sentenced to pay a fine of $50, but judgment was suspended because he was an overseas veteran, and that, on February 14th, 1927, he was found guilty of another violation of that law and sentenced to pay a fine of $200 and thirty days in jail, the latter penalty being suspended; that since the latter date he has not been arrested; that he answered the questions in the application for a tavern permit as to prosecutions for violations of the law under competent legal advice that it referred only to convictions where a fine had been paid or a penalty actually incurred; but that on consulting another attorney when he made his application for a restaurant permit, he was advised to answer as he did; and that he had no intent in either instance to answer falsely or to deceive the commission.

The parties in their arguments before us have treated the judgment as the equivalent of one to the effect that the commission acted illegally and in abuse of its discretion in denying the plaintiff's application for a restaurant permit and in revoking his tavern permit. The statutes provide that no person who has been convicted of a violation of any federal or state law concerning alcoholic liquor, or who has forfeited his bond to appear to answer charges for any such violation, shall be granted a permit within two years thereafter. General Statutes, Cum. Sup. 1935, § 1046c. We recently held that while this statute does in effect deprive the commission of discretion to grant a permit where a person has been convicted within the preceding two years, it does not in the slightest curtail its right to give full consideration to such an appli-

cant's conviction of offenses at any time before the two-year period, in the exercise of its discretion in determining whether or not to grant a permit. *Wilks v. Liquor Control Commission,* 122 Conn. 443, 190 Atl. 262.

As the Legislature has seen fit to make a single conviction within two years an absolute bar to the issuance of a permit, we would find it difficult to hold that the refusal of a permit to one who had on two occasions, separated by a period of seven years, been convicted of violations of the liquor law, was an unreasonable exercise of its discretion by the commission. In this case, however, there was the further fact of the discrepancy in the answers of plaintiff in the two applications he made. The referee's finding indicates that the commission examined him fully upon the matter and it may be that it did not reach the same conclusion as did the referee with reference to a lack of intent on the part of the plaintiff to deceive it. As the record does not show this, however, we cannot proceed upon such an assumption. But it remains true that the answers made to the inquiry in the first application fell far short of a frank disclosure of the facts which the commission would deem, and the plaintiff must have known it would deem, material and relevant to its inquiry as to his suitability to receive a permit. In view of this and the fact of the two convictions of the plaintiff, we cannot say that the commission abused its discretion in refusing the restaurant permit; nor can we reach a different conclusion as to the revocation of the tavern permit when we consider that these circumstances only came to the knowledge of the commission after that permit had been granted.

There is error and the case is remanded with direc-

tion to the Superior Court to dismiss the appeal to it from the liquor control commission.

In this opinion the other judges concurred.