RAFFELE LOGLISCI *vs.* THE LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 7th—decided May 12th, 1937.

*Frank J. DiSesa,* Assistant Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellant (defendant).

*P. Lawrence Epifanio,* with whom, on the brief, was *Charles E. Moore,* for the appellee (plaintiff).

AVERY, J.  The present case is an appeal taken to the Superior Court from an action of the liquor control commission in revoking a package store permit issued to Raffele Loglisci, the appellant.  The case was referred to a state referee and in his report the following facts appear:

On August 10th, 1935, the liquor control commission issued a package store permit to Raffele Loglisci, the appellant, for premises located at 99 Richmond Hill Avenue, Stamford.  By letter dated March 17th, 1936, the permittee was summoned by the commission to appear for a hearing on the revocation of the permit on March 23d, 1936.  On March 24th, by letter dated that date, the commission informed the permittee that his permit had been revoked and stated as a cause therefor the following:  "Unsuitability of person. (1) By reason of employing a minor in a package store in violation of Section 1066c of the Cumulative Supplement to the General Statutes, Revision of 1935; and (2) By reason of not assuming the responsibility imposed upon a permittee by the Liquor Control Act and Section 3 of the Regulations of the Commission."

The appellant had conducted the package store for about four years under permits granted by the commission.  During this period, he was more or less ill, necessitating his being at home for short periods, sometimes for only an hour or two.  He has a wife and two daughters, one of whom is twenty-four years of age and the other twenty-one, and a son, Frank, nineteen years old.  All live at home with the appellant on the floor above the package store.  When he

was unable to be in attendance at the store, his wife or his eldest daughter would be there; more particularly the daughter. The son was out of work and spent part of his time each day in the store taking care of such books as the permittee kept in the conduct of his business and making out orders for merchandise which his sister, when present, would indicate to him should be made out. At times, he was in charge of the premises alone; at other times, when the daughter was present, he would assist her in finding certain merchandise which was called for, and which she herself could not readily locate. On February 26th, 1936, an inspector of the commission visited the premises and found Frank in charge; no other member of the family being present at the time. The appellant had been confined to his home by illness for about a week, but, on being informed of the presence of the inspector, came down to the store. So far as appeared, Frank received no compensation for such services as he rendered except that he lived with his father and was supported by him.

Upon these facts, the Superior Court rendered judgment finding that the appellant was a suitable person to sell alcoholic liquor within the class of permit revoked and sustained the appeal upon the grounds, first, that the law did not prohibit the employment of a minor in a "package store;" and, second, that the permittee, who had his home on the floor above the store, was substantially on the permit premises all of the hours during which the law permitted the sale of alcoholic liquor, and his temporary absence from the store by reason of unavoidable illness at the time of the inspection of the premises was not sufficient ground to justify the suspension of his permit. From this judgment, the commission has appealed.

The pertinent provisions of the Liquor Control Act are appended in the footnote. The basic question

The Liquor Control Act, as amended, § 1046c, Cum. Sup. to the General Statutes, 1935, provides in part as follows: ". . . No permit shall be granted to any sheriff, deputy sheriff, constable, grand juror, justice of the peace, prosecuting officer or selectmen, nor to any applicant unless he shall have a character, record and reputation satisfactory to the commission. . . ." Section 1052c of the Cum. Sup. to the General Statutes, 1935, provides in part as follows: "The commission may, of its own motion, revoke any permit upon cause found after due hearing. . . ." Section 1055c of the Cum. Sup. to the General Statutes, 1935, provides in part as follows: ". . . If said court shall decide, upon the trial of such appeal, that the appellant is a suitable person to sell alcoholic liquor, and that the place named in his application is a suitable place, within the class of permit applied for or revoked, and shall render judgment accordingly, a copy of such judgment shall be forthwith transmitted by the clerk of said court to the commission. . . ." Section 1066c of the Cum. Sup. to the General Statutes, 1935, provides as follows: "No person, who is by statute or regulation declared to be an unsuitable person to hold a permit to sell alcoholic liquor, shall be employed in any tavern in this state, nor shall he be allowed to have a financial interest in any such tavern; and no female, unless she be the wife or daughter of the proprietor, shall be employed in any capacity in any tavern, and no minor shall be employed in any tavern in any capacity or in handling or delivery of any alcoholic liquor, except in a drug store, hotel, restaurant or club or in a grocery store in which the handling of alcoholic liquor is incidental merely to the grocery business." Section 1019c of the Cum. Sup. to the General Statutes, 1935, provides in part as follows: "The commission shall have power to enforce the provisions of this chapter, and to make all needful rules and regulations for that purpose; it shall have power generally to do whatever is reasonably necessary for the carrying out of the intent of this chapter. . . ." Section 1020c of the Cum. Sup. to the General Statutes, 1935, provides in part as follows: "Every regulation made by the commission shall be printed in full . . . and, from and after the date of such publication, shall have the same force and effect as law, unless and until set aside by some court of competent jurisdiction or revoked by the commission. . . ." Section 1030c of the Cum. Sup. to the General Statutes, 1935, provides in part as follows: "A package store permit shall allow the retail sale of alcoholic liquor not be drunk on the premises, such sales to be made only in sealed bottles or other containers of not less than eight fluid ounces capacity. No store operating under a package store permit shall sell any com-

before the trial court as well as the one before the commission was as to the suitability of the permittee. In determining this question, the commission exercised a discretionary power. *Murphy* v. *Bergin,* 118 Conn. 249, 260, 171 Atl. 433; *Malmo's Appeal,* 72 Conn. 1, 43 Atl. 485; *Moynihan's Appeal,* 75 Conn. 358, 364, 53 Atl. 903; *Farrell's Appeal,* 85 Conn. 701, 703, 84 Atl. 102. The exercise of that power is subject to review by the court and if it finds that the commission acted arbitrarily, unreasonably, in the abuse of its power, or illegally, its action will be set aside. *Wilks* v. *Liquor Control Commission,* 122 Conn. 443, 445, 190 Atl. 262; *Gwiazda* v. *Bergin,* 121 Conn. 705, 185 Atl. 416; *Huntington Telephone Co.* v. *Public Utilities Commission,* 118 Conn. 71, 80, 170 Atl. 679; *Lazarevich* v. *Stoeckel,* 117 Conn. 260, 262, 167 Atl. 823; *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 525, 191 Atl. 98. An examination of the applicable statutes cited in the footnote, and particularly § 1066c of the Cumulative Supplement of 1935, discloses that while the employment of a minor in a tavern is prohibited, there is no provision which prevents the employment of a minor in a package store in any capacity except in the handling or delivery of alcoholic liquor. While the report of the referee states that the appellant's son was at times in charge of the premises alone and did at times assist his sister in finding merchandise, that he ever actually handled alcoholic liquor is not found and we cannot assume

---

modity other than alcoholic and non-alcoholic liquor; except that a package store beer permit may be granted to any store which is chiefly engaged in the sale of groceries. . . ." And, in addition, Regulation 3 of the Liquor Control Commission provides as follows: "All permittees will be required, under the terms of the Liquor Control Act and Regulations of the Liquor Control Commission, to be on the permit premises substantially all of the hours during which the law permits the sale of alcoholic liquors."

that he did so. Upon this record his employment therein was within the law and the action of the commission in revoking the permit upon this ground was without authority of law and therefore beyond its powers.

The rules of the commission require permittees to be on the permit premises substantially all of the hours during which the law permits the sale of alcoholic liquors. By the sections of the Liquor Control Act appended in the footnote, Cum. Sup. 1935, § 1019c, the commission is given power to enforce the provisions of the act and "to make all needful rules and regulations for that purpose" and "generally to do whatever is reasonably necessary for the carrying out of the intent" of the act; and Cum. Sup. 1935, § 1020c, provides that "every regulation made by the commission . . . shall have the same force and effect as law, unless and until set aside by some court of competent jurisdiction or revoked by the commission. . . ." The authority of the administrative body acting under such grant of power, is limited to the making of reasonable rules and regulations within the scope of the power granted. *Ingham* v. *Brooks,* 95 Conn. 317, 329, 111 Atl. 209. "The power conferred to make regulations for carrying a statute into effect must be exercised within the powers delegated, that is to say, must be confined to details for regulating the mode of proceeding to carry into effect the law as it has been enacted, and it cannot be extended to amending or adding to the requirements of the statute itself." 12 C. J. 845; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388, 430, 55 Sup Ct. 241; *A. L. A. Schechter Poultry Corp.* v. *United States,* 295 U. S. 495, 529, 55 Sup. Ct. 837.

The word "substantially" as used in the regulation is a term of some elasticity, permitting something less than the presence of the permittee on the premises at

all times; its significance is relative, necessarily relating to the purpose of the regulation. That purpose obviously is to assure that the permittee, approved by the commission as a suitable person to hold a permit, shall be in a position where he can exercise a direct and immediate control over the conduct of the business except for reasonably brief intervals. Unless the regulation be so construed as to permit such absences for a reasonable cause, its validity might be doubtful. However that may be, the question whether or not a permittee is present upon the premises substantially all the time is one of fact. The referee has not found that the plaintiff violated the regulation of the commission and we cannot hold this to be so as matter of law. It follows that the action of the commission in revoking the permit upon the ground that the plaintiff violated the regulation lacks the necessary factual support. We conclude that the trial court did not err in setting aside the order of the liquor control commission vacating the appellant's permit.

There is no error.

In this opinion the other judges concurred.