## MORRIS J. SANDHAUS
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court       Fairfield County       File #50950

Present:   Hon. EDWIN C. DICKENSON, Judge.

David M. Rosen,            Attorney for the Plaintiff.

Edward J. Daly,
   Attorney General,            Attorney for the Defendant.

### MEMORANDUM FILED JUNE 10, 1937.

DICKENSON, J. The report recites the action of the Commission in revoking the appellant's permit and the grounds upon which the action was taken; it continues with a finding of facts relating to the appellant's conduct as a permittee. The only reference to the hearing before the Commission is that contained in the last paragraph of the report that "upon this state of facts the Commission found that the appellant had failed to assume the responsibility imposed upon a permittee by the Liquor Control Act, by Section 3 of the Regulations".

The situation emphasizes the importance of the suggestion made in **Skarzynski vs. Liquor Control Commission, 122 Conn. 526,** citing **Perdue vs. Zoning Board of Appeals, 118 Conn. 174** that it is "highly desirable that the minutes contain a full and complete statement of the action of the board with such particularity as will enable the court, upon appeal, to clearly

understand what was done" in view of this fact "that the farthest it (the court) could go was to review the action of the Commissioners to determine whether or not they acted legally and in the exercise of a reasonable discretion".

There is nothing in the report to throw any light upon the proceedings before the Commission. The report, as has been stated, does find what the facts were upon which the Commission based its judgment. No remonstrance has been filed to the report and hence no evidence accompanies it. All the court has before it are the facts upon which the Commission, according to the report, reached its conclusion and it must be assumed that this is because the defendant failed to offer any evidence of what occurred at the hearing before the Commission.

While there were two charges against the permittee before the Commission, the one relating to employing an alien has been dropped by the defendant in this court.

The other relates to the hours of employment. The regulations (Sec. 3) provide in substance that a permittee shall spend substantially all of his time in the tavern premises during the period when the tavern may be open for business under the law. As has been stated this is not properly a trial de novo but one to determine whether the Commission acted arbitrarily and illegally. It cannot be held from the facts found by the Referee that the Commission abused its discretion.

The report is accepted and the appeal dismissed.