FRANK MELAROSE *vs.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 7th—decided November 3d, 1937.

*Harry L. Brooks,* Assistant Attorney General, with whom, on the brief, was *Charles J. McLaughlin,* Attorney General, for the appellant (defendant).

*James P. Doherty,* for the appellee (plaintiff).

JENNINGS, J. The findings of fact made by the state referee disclose that on September 15th, 1936, the plaintiff made application to the liquor control commission for a restaurant all-alcoholic permit for the Club Paradise in New Haven. On January 18th,

1937, the plaintiff was notified that, pursuant to a hearing had at Hartford on January 14th, 1937, the application had been denied because of "unsuitability of place because it is not a restaurant within the contemplation of the act." Between the date of the application and the hearing inspectors employed by the defendant were very active. The result of these inspections was, in general, that when observed from the outside there was little if any activity in the building but whenever the inspectors entered, some semblance of restaurant activity was in progress. The place is well equipped to do a restaurant business. On these facts the defendant denied the application.

The legislative history on this subject and the resulting definition of a restaurant have been so recently set forth that it is unnecessary to repeat them here. *Guillara* v. *Liquor Control Commission,* 121 Conn. 441, 185 Atl. 398. In that case, relied on by both parties, the trial court ruled that the service of meals on order at irregular times did not satisfy the requirement of the statute that to qualify as a restaurant hot meals must be regularly served at least twice daily. This ruling was held to be erroneous, this court saying at page 446, "A place at which, during the hours when restaurants are usually open, hot meals are served to all customers ordering them, meets the statutory requirement that a restaurant be a place where hot meals are regularly served at least twice daily. Such service must be sufficient in nature and amount, however, to evidence and afford assurance of a bona fide restaurant business instead of a mere pretext for the obtaining of a permit to sell alcoholic liquor as a principal purpose and enterprise."

The defendant obviously relied on the second sentence of this quotation in denying the permit. The question of law, therefore, is whether in so deciding

the defendant acted arbitrarily, illegally or in abuse of its discretion. *Wilks* v. *Liquor Control Commission,* 122 Conn. 443, 445, 190 Atl. 262; *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 525, 191 Atl. 98. The state referee found the facts in great detail. The circumstances surrounding no less than fourteen inspections over a period of four months were described in the report. Far from acting arbitrarily or illegally, the defendant appears to have acted deliberately and after careful consideration of all the facts. It cannot be said to have abused its discretion since its conclusion was one which it could reasonably have reached on the facts.

There is error and the case is remanded with direction to the Superior Court to dismiss the appeal to it from the liquor control commission.

In this opinion the other judges concurred.