## JOHN FURRER
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court      Fairfield County      File #51056

MEMORANDUM FILED FEBRUARY 28, 1938.

Greenstein & Simons, of Bridgeport, for the Plaintiff.

Attorney General, for the Defendant.

CORNELL, J.   In accordance with oral stipulation of counsel in open court, the referee's report as amended is ordered accepted and the question is whether the facts disclosed in it sustain plaintiff's contention that the defendant Commission acted arbitrarily in revoking a restaurant permit issued to plaintiff.   *Gwiazda vs. Bergin,* 121 Conn. 705, 707; *Wilks vs. Liquor Control Commission,* 122 id. 443, 445; *Skarzynski vs. Liq-*

*uor Control Commission,* 122 id. 521, 525; *Melarose vs. Liquor Control Commission,* 123 id. 318, 320. .

Plaintiff seems to contend that since the events upon which the Commission relied as justification for its action transpired sometime between September 24, 1935 and May 28, 1936 while the plaintiff was conducting a restaurant for which he had the permit, now revoked, at 327 Pine Street, in Bridgeport, and thereafter was granted a removal permit, since which he has been conducting a restaurant at his present location and pur suant to the granting of said certificate of removal expended considerable sums in fitting up his present place of business, that the action of the Commission in now revoking his permit must be considered arbitrary, particularly as it is found that since his removal the plaintiff has not been arrested for, nor been in, any trouble having to do with any violation of the law and bears a good reputation among his patrons and others with whom he has done business.

These facts, however, are not potent to either restrain or restrict the Commission in the proper exercise of its functions. The removal permit could not enhance such rights as were conferred by the restaurant permit but merely made the latter applicable to the new location where plaintiff elected to conduct his business. The restaurant permit by the express provisions of the statute is a "purely personal privilege", is not "property" and has none of the usual incidents of property. Cum. Supp. (1935) §1026c. The Commission in performing the duties imposed upon it is in the exercise of the police power of the State and for injury sustained by a person incident to this, there is no remedy either in damages or by the processes of equity—and, of course, none under any authorized statutory proceeding.

There is thus presented only an inquiry whether the Commission in revoking the permit acted arbitrarily, and hence illegally. *Gwiazda vs. Bergin; Wilks vs. Liquor Control Commission; Skarzynski vs. Liquor Control Commission; Melarose vs. Liquor Control Commission, supra.* In determining this, the Commission's action in revoking the permit is to be considered as though no removal permit had been granted. Under the facts reported by the referee the question is limited to whether the plaintiff could fairly and reasonably have been found "unsuitable" by reason of his record.

As noted supra, his record was acquired while he was the

holder of the permit, the revocation of which occasions this proceeding, but while conducting a restaurant at his former place of business. This record consists of his either having pleaded or having been found, guilty, of having a slot machine in his possession—which of the two does not appear, and, also, having been found guilty of assault "upon a woman of doubtful character while she was upon his restaurant premises." Fines were imposed in both instances. As to the first of these the referee finds facts which, at the least, relieve the plaintiff from any intent to violate the statute for which he either pleaded or was found guilty. Assuming that these circumstances were presented to the Commission, at the hearing upon the revocation, a somewhat narrow issue might be disclosed. But there is nothing suggested as concerns the conditions under which the assault was committed and the fact that the plaintiff was fined must be taken as an indication that it was unjustified.

Under these circumstances, the court is not permitted to substitute its judgment, if it differs from that of the Commission, for the latter's and the facts are not such as to justify the conclusion that the Commission was actuated by improper motives or acted arbitrarily. There was evidence before the Commission of the effect of which as concerns the plaintiff's suitability, it, alone, could judge. There is nothing to indicate that its judgment is so offensive to the reasonable implications of the facts as to permit interference with it by this court.

Judgment on the report as accepted in favor of the appellee (the Commission) dismissing the appeal.