## GRANVILLE T. SMITH'S APPEAL FROM LIQUOR CONTROL COMMISSION.

Superior Court      Fairfield County      File No. 58563

MEMORANDUM FILED MARCH, 19, 1940.

*Harry Rosenbluh,* of Bridgeport, for the Appellant.

*Francis A. Pallotti,* Attorney General; *Frank J. DiSesa,* Assistant Attorney General, for the Appellee.

BALDWIN, J. This is an appeal from an order of the Liquor Control Commission made on the 24th day of July, 1939.

It appears that complaints had been made to the police of Bridgeport against this appellant concerning the conduct of his business at number 162 Crescent Street in Bridgeport under a restaurant beer permit number RB-1868, and that these matters had been brought to the attention of the Liquor Control Commission, who notified the appellant to appear and show cause why his permit should not be revoked; that a hearing was held upon this matter on July 17, 1939, when the appellant was present, which hearing was continued to July 24, 1939, when appellant was present with counsel.

The evidence taken by the commission disclosed that the appellant was arrested in April, 1939, for a disturbance at his restaurant and again on June 22, 1939, and on June 25, 1939, for disturbances at his place of business on those dates; that his case was nolled upon the first and second arrests and that upon the arrest resulting from the disturbance on June 25, 1939, he was convicted and sentenced to six months in jail, from which an appeal was taken. It appears from appellant's brief, however, that since the order of the commission revoking the permit, upon trial upon appellant's appeal from the conviction and sentence of six months in jail, appellant was found not guilty.

The commission found the appellant to be an unsuitable person to conduct the permit premises and that the permit premises have been conducted in such a manner as to be a nuisance and it revoked his permit. The court cannot say upon the record presented that it acted arbitrarily or illegally. And that is the only question before the court and it is the only question that could be tried should the court refer the matter to a state referee or to a committee, as the appellant suggests in his brief. *Skarzynski vs. Liquor Control Commission,* 122 Conn. 521, 526.

The appeal is dismissed.