## BETTY SPECTOR'S APPEAL FROM LIQUOR CONTROL COMMISSION

Superior Court      Windham County      File No. 7678

MEMORANDUM FILED APRIL 15, 1940.

*Irwin I. Krug,* of Willimantic, for the Appellant.

*Francis A. Pallotti,* Attorney General, for the Appellee.

BALDWIN, J.   On August 22, 1938, the appellant was granted a restaurant beer permit, No. RB1823, by the Liquor Control Commission.   On August 17, 1939, the commission notified the permittee to appear before it on August. 21, 1939, for a hearing on the revocation of this permit.   On this day the hearing was continued to the 28th day of August, 1939, when a hearing was held, on which day the commission found that on August 4, 1939, alcoholic liquor was being consumed on the premises of the permittee by persons under the age of 21 years, that between April 21, 1939, and August 28, 1939, the premises had been conducted in such manner as to become a nuisance because of altercations occurring therein disturbing the peace and quiet of the neighborhood, and that the permittee is an unsuitable person to hold a permit, and thereupon the commission revoked the permit, and, it appears that the commission has refused to grant her application for a renewal of her permit.

From a review of her evidence taken by the commission it appears that on April 21, 1939, the permittee and her husband were arrested for some trouble between them in which dishes

were thrown at each other. For this offense they were each fined five dollars and costs.

On July 19, 1939, one Henry Rudis was arrested and fined ten dollars and costs for some disturbance he caused in this place and one William Gordon was taken from the place under arrest for drunkenness and fined five dollars and costs, and on July 30, 1939, one Ida Foster was arrested and fined ten dollars for an encounter with another woman in the place.

The sole question before this court is the question whether the Liquor Control Commission in revoking this permit and in refusing to grant a new permit acted arbitrarily, illegally and in abuse of its discretion.

In *Gwiazda vs. Bergin,* 121 Conn. 705, the court at page 707, said: "As pointed out by the trial court, it could not properly sustain the appeal unless it could find that the commission acted arbitrarily, illegally or in abuse of its discretion." *See, also, Wilks vs. Liquor Control Commission,* 122 Conn. 443, 445 and *Skarzynski vs. Liquor Control Commission,* id. 521, 525.

Upon this record the court cannot say that the commission acted arbitrarily, illegally or in abuse of its discretion. The appeal is, therefore, dismissed.