By complaint dated October 8, 1941, and served on the following day, and returned to this court on the first Tuesday of November, 1941, plaintiff purports to appeal from an order of the defendant commission revoking his "restaurant beer permit." The complaint on appeal reads as follows:
"1. On September 29, 1941 and for some time prior thereto, the plaintiff [appellant] was the permittee under restaurant beer permit No. R B 15 for premises located at No. 130 Oak Street, New Haven.
"2. On September 29, 1941 the defendant [appellee] revoked said restaurant beer permit of the plaintiff for the reason, as assigned by said Liquor Control Commission, the defendant, as follows:
"A violation of Section 9 of the Regulations of the Commission; permitting brawls, disturbances and unnecessary noises on permit premises.
"WHEREFORE the plaintiff appeals to this Court from such adverse decision revoking his permit as heretofore alleged.'
Defendant has interposed a demurrer to the complaint and *Page 309 
appeal, invoking four grounds which may be summarized as follows:
1. The complaint itself discloses that the basis of the defendant's action in revoking plaintiff's permit was plaintiff's violation of section 9 of the regulations, permitting brawls, disturbances, etc., on the permit premises, which does not constitute "a proper reason of appeal, but is a proper cause for revoking the plaintiff's permit."
2. No allegations appear in the complaint that the fact found by the defendant was otherwise.
3. No allegations appear in the complaint that the defendant's finding was "without evidence."
4. No allegations appear in the complaint which would warrant the court in entering any judgment other than a defendant's judgment.
In determining the merits of the interposed demurrer the court has seen fit to approach the question presented by what it deems to be a common sense avenue of thought. A trial"de novo" means a trial of the entire case anew. In the nature of things it is a new trial, or a retrial, usually before a higher court, in which the merits of the entire case are gone into as if no trial whatever had previously taken place. See
42 Words Phrases (Perm. ed.) p. 524, et seq.
The statute under which the appeal is brought to this court (Supp. [1941] § 463f) so far as is pertinent to the question under consideration, reads: ".... any permittee whose permit shall be revoked or suspended by the commission may, within ten days thereafter, appeal from such adverse decision to the court of common pleas.... Upon such appeal, the trial shall bede novo and the reasons of the commission for refusing the application or for revoking .... the permit may be received as evidence."
It is to be observed that the now statutory expression "Upon such appeal, the trial shall be de novo" was first inserted in the present Liquor Control Act by the 1941 General Assembly as an amendment. Compare General Statutes, Cum. Supp. (1935) § 1055c; Supp. (1937) § 618d; Supp. (1939) § 974e. Prior to the amendment of 1941 (Supp. [1941] § 463f) the statute simply gave a rejected or dislodged permittee the right of appeal to the court (then the Superior Court) but said nothing concerning a trial "de novo" in such court. The function *Page 310 
of the court on an appeal from a ruling of the commission prior to the "de novo" amendment was analogous to the function of the court on an appeal from a zoning board, that is to say, an inquiry as to whether the commission "acted arbitrarily, unreasonably, in the abuse of its power, or illegally."See Loglisci vs. Liquor Control Commission, 123 Conn. 31,36, and cases therein cited. Compare, First National Bank Trust Co. vs. Zoning Board of Appeals, 126 Conn. 228, 237, and cases therein cited.
In Beaverdale Memorial Park, Inc. vs. Danaher, 127 Conn. 175,182, the Supreme Court discusses in a general way the functions of an "administrative board" and the function of the court in a review of the proceedings of such a board. It would appear that the Liquor Control Commission is a quasi-judicial body. Be that as it may, the statutory amendment now in question (Supp. [1941] § 463f) was adopted after theBeaverdale case and the scope of the trial "de novo" provision on appeal has not been construed to date by the Supreme Court. Passing reference is made to Gilhuly's Petition,124 Conn. 271, 275, 277, concerning the "de novo" aspect of a petition addressed to the court by electors alleging that their names were improperly removed from enrollment in the list of a certain political party. The court therein (p. 277) specifically refers to section 618d of the 1937 Supplement to the General Statutes, a forerunner of amending section 463f under consideration herein, as a "more common statutory" form of appeal not analogous to the statute under consideration in that appeal because of the element of an "original determination of what is the plaintiff's legal right to enrollment and whether this right has been violated." It would seem, therefore, that the now statutory expression — "Upon such appeal, the trial shall be de novo" — confers upon this court, to paraphrase the Gilhuly opinion (p. 277), an "original determination of what is the plaintiff's legal right to [retain his permit] and whether this right has been violated."
Plaintiff has alleged that on and prior to September 29, 1941, he held a restaurant beer permit for premises located at No. 130 Oak Street, New Haven; and that on said September 29, 1941, his permit was revoked by the defendant commission for the reason assigned by the commission that section 9 of the regulations had been violated by him in certain particulars. *Page 311 
Since the statute under which the appeal is brought to this court expressly states that the trial herein "shall be de novo", the court concludes that it is not incumbent upon the plaintiff to allege in what particulars the action taken by the defendant was erroneous. It would seem, by process of reasoning, that the defendant by virtue of the aforesaid amendment has no alternative but to file an answer admitting or denying the allegations of fact appearing in the complaint, (which allegations really merit admission, but not in the sense of an interposed demurrer) and a special defense justifying its action, if legal justification there be. Plaintiff would then have an opportunity to file a reply to such special defense and issue would be joined on the trial "de novo" accorded plaintiff as a matter of right under the now statutory law in such cases made and provided. To reach a different conclusion on this demurrer would obviously nullify the intention of the Legislature manifested in the statute as amended.
In the last analysis, the practical importance of the question raised by the demurrer is upon whom will fall the burden of proof respecting the major issue in the case: whether or not the facts at the disposal of the defendant commission and upon which it acted warrant a revocation of plaintiff's permit. The statute in its amended form, as its predecessors, still permits "the reasons of the commission .... be received as evidence." This does not mean, however, that the plaintiff must bear the affirmative, either from a standpoint of pleading or in the trial on the vital issue in the case. The court feels that the statute in its present form places this burden upon the defendant because of the "de novo" insertion therein by way of amendment.
 In view of all the foregoing, the defendant's demurrer is overruled on all grounds.