## Manuela Velez *v.* Administrator, Unemployment Compensation Act

Superior Court     New London County     File No. 29318

Memorandum filed May 21, 1963

*Leo G. Smalley,* of New London, for the plaintiff.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

House, J. The appellant has appealed from a decision of the unemployment compensation commissioner denying her claim for benefits. She had been laid off from her work as a sewing machine operator. The commissioner's finding, as corrected, is that during the period from December 9, 1962, to February 1, 1963, she applied for work at six factories and one hospital, applying to one or two places a week in search for work.

It is the finding of the commissioner that "[t]he claimant has not made sufficient effort to obtain work to show an attachment to the labor market, and it is found that she is not available for work within the meaning of the Compensation Law." For an applicant to be eligible for benefits, it must be found that he "is available for work and has been and is making reasonable efforts to obtain work." General Statutes § 31-235.

"As repeatedly pointed out by our Supreme Court, the function of . . . [the Superior] Court in these proceedings is not to determine the issue according to its own view, if that differs from the administrator's, but only to ascertain whether the administrator's conclusion was unreasonable, arbitrary or illegal. *Grady* v. *Katz,* 124 Conn. 525, 530; *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 36; *Huntington Telephone Co.* v. *Public Utilities Commission,* 118 Conn. 71, 80; *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 87." *Ogozalek* v. *Administrator,* 22 Conn. Sup. 100, 104; *Lanyon* v. *Administrator,* 139 Conn. 20, 28; see Practice Book §§ 312, 322.

It cannot be held as a matter of law that the decision of the commissioner was unreasonable, arbitrary or illegal.

Judgment may enter dismissing the appeal.