GEORGE SAMOJEDNY ET AL. *v.* RAYMOND J. EAGAN, SR., ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 101963

Memorandum filed March 30, 1964

*Robert Kapusta* and *Bennett & Stark,* of Ansonia, for the plaintiffs.

*Andrew D. Sabetta,* of Derby, for defendant Catherine J. Voccia.

*Harold M. Mulvey,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for defendant Liquor Control Commission.

FITZGERALD, J. At the outset of this litigation, the plaintiffs were George Samojedny, as owner and permittee of a package store at 34 New Haven Avenue, Derby, and The Valley Package Store Association, Inc., a voluntary association incorporated under state law, whose membership is comprised of residents of Derby and adjoining municipalities. A demurrer interposed by each of the two sets of defendants to the joint complaint of the plaintiffs eliminated the plaintiff association from the status of a contending party plaintiff. See memorandum of the court *(Klau, J.),* filed November 14, 1963. Thereafter, the plaintiff association, in lieu of entry of judgment on demurrer sustained, withdrew from the action as a coplaintiff, leaving

the plaintiff Samojedny as the sole remaining plaintiff. Issues were closed as between the remaining plaintiff and the defendants, and trial had. The defendants are the three members of the Connecticut Liquor Control Commission, hereinafter referred to as the commission, and Catherine J. Voccia of Derby, to whom the issuance of a package store permit had been approved by the commission on August 7, 1963, and a permit had been issued on September 23, 1963, relating to the premises at 8 Bank Street, Derby.

The remaining plaintiff Samojedny, hereinafter referred to as the plaintiff, challenges the issuance of the permit to the defendant Voccia, hereinafter referred to as the applicant, on the ground that the newspaper publication of notice did not comply with the requirements of the statute (§ 30-39) and that the decision of the commission approving the application was therefore illegal. The relief sought by the plaintiff in this action is twofold: (1) a declaratory judgment to the effect that the issuance of the permit by the commission to the applicant was illegal and in violation of law; and (2) an injunction restraining the applicant from selling liquors on the premises in question under the permit issued by the commission.

Notwithstanding the claim of the applicant in her brief that the plaintiff has no standing to pursue this action because he has not established that he is an aggrieved party, it was and is the court's understanding that the only question to be decided is whether the action of the commission in approving and issuing the permit was in violation of the provisions of the statute (§ 30-39), including a consideration of one of the regulations (§ 30-6-A1) promulgated by the commission. The briefs of the plaintiff and of the commission are devoted exclu-

sively to this aspect. Furthermore, such appears to accord with the discussion in chambers between counsel and the presiding judge before the hearing was had on January 28, 1964; with the manner in which that hearing was conducted by participating counsel; and with their oral arguments thereafter. Hence, the decision of the court is confined to the issues litigated and entirely briefed by two of the three sets of participating attorneys.

The relevant statute is General Statutes § 30-39. It provides, insofar as is material to the case at bar: "Any person desiring a liquor permit . . . shall make a sworn application therefor to the commission upon forms to be furnished by the commission, showing the name and address of the applicant and of his backer, if any, the citizenship of the applicant, the location of the club or place of business which is to be operated under such permit and such other information as the commission requires. . . . [T]he applicant shall, immediately after making his application, give notice thereof, including the name and residence of the permittee, the type of permit applied for and the location of the place of business for which such permit is to be issued, all in a form prescribed by the . . . [commission], and shall publish the same in a newspaper having a circulation in the town in which the place of business to be operated under such permit is to be located, at least once a week for two successive weeks, the first publication to be not more than seven days after the filing date of the application and the last publication not more than fourteen days after the filing date of the application."

The basic facts pertaining to this case are summarized. On Wednesday, May 29, 1963, the commission received at its office in Hartford a written application under oath from the applicant for a

package store permit relating to premises at 8 Bank Street, Derby. The date of the oath was May 27, 1963. That was also the date of the certification by the town clerk of items 47A and B, which required his certification on the application. The application contained more than forty items which the applicant was required to answer if applicable to her situation. Thursday, May 30, was a holiday. On Saturday and Sunday, June 1 and 2, the office staff of the commission did not work. Various clerks in the office of the commission have specified responsibilities in regard to checking and verifying items of information disclosed in the application in question, as in all such applications. On the bottom of the last page of the application there is a space labeled "FOR OFFICIAL RECORD ONLY." It contains the following printed note: "Acceptance of this application shall be regarded by the Commission as the date it was 'Approved for Processing.'" In a box to the right and under this note there is the printed legend, "Form Approved for Processing," with the date of "6/5/63" inserted in pen and ink followed by the initials "BF," also in pen and ink.

On June 3, 1963, a clerk in the office of the commission mailed to the applicant the form of publication of notice which the applicant caused to be published on June 8 and 15, 1963, in a newspaper having a circulation in Derby, and made return thereon. Thereafter, the commission on request held a hearing on the application on July 15, 1963. At that hearing the plaintiff, by counsel, and others appeared and objected to the granting of the application. They were not successful. On August 7, 1963, the commission notified the applicant that her application had been approved. On September 23, 1963, after the plaintiff and the former coplaintiff were denied a temporary injunction *(Thim, J.)*, the permit in question was issued.

It is the position of the plaintiff that the filing date of the application in question must be regarded in law as being May 29, 1963, and that the first date of newspaper publication on June 8, 1963, exceeded the statutory limitation of seven days for the first required publication, and the second date of newspaper publication on June 15, 1963, exceeded the statutory limitation of fourteen days for the second required publication.

The statute hereinbefore quoted in part (§ 30-39) does not indicate the date when an application addressed to the commission is to be considered as filed. Section 30-6 grants to the commission the power to "make all necessary regulations . . . for carrying out" the Liquor Control Act, and § 30-7 gives to such regulations "the same force and effect as law, unless and until set aside by some court of competent jurisdiction or revoked by the commission." See *Loglisci* v. *Liquor Control Commission*, 123 Conn. 31, 37.

Section 30-6-A1 of the regulations made by the commission provides in part as follows: "Every new application for a permit shall be filed with the commission immediately upon its execution, and its date shall be considered that date upon which a completely and correctly executed application has been received at the office of the liquor control commission. The proper fee in the form of a certified check, postal money order or cash shall accompany the application." The interpretation placed upon this part of § 30-6-A1 of the regulations of the commission is that the "filing date" of an application is that date upon which an application has been fully examined and verified by members of its staff to determine if it is completely and correctly filled out. It argues further that such requires a little time because of the volume of applications made

to it, and that in the within case the day following receipt of the application was a holiday (May 30), with a two-day weekend fast approaching (June 1, 2).

Stanley J. Palaski, secretary of the commission, testified in effect that the commission over the years has considered the date of noting that an application was approved for processing (here June 5, 1963) as the crucial date, and not the date when the application was physically received by the commission. So also, he testified as to the various steps taken by different members of the clerical staff to check and verify answers to items contained in the application. The application in question, at the bottom of the last page, contains two boxes, one of which is labeled "Ret'd for correction" and the other "Rec'd from correction." This is persuasive of the fact that receipt of an application contemplates that a subsequent examination of it may be productive of the need of a return to the particular applicant for correction and a resubmission after such correction. These boxes obviously are contained for the insertion of dates of such entries. It has already been noted that the form of publication of newspaper notice was not mailed by the commission to the applicant until after May 29, 1963.

The short answer to the plaintiff's argument in regard to the period "within three weeks from the date of such application" for the filing of a remonstrance against the granting of an application, contained in another part of the statute (§ 30-39) which has not been previously quoted, is that the matter does not in any event enter into the case at bar. A hearing was requested and held on the application on July 15, 1963, and the plaintiff, by counsel, and the former coplaintiff, by counsel,

appeared and were heard in opposition. Neither their right to appear and voice objection nor that of anyone else appears to have been curtailed from the standpoint of notice.

The necessary conclusions are that on the facts, and on the law as applied to those facts, as distinguished from some other hypothetical factual situations not here involved, the plaintiff must be denied a declaratory judgment that the issuance of the permit in question by the defendants constituting the Connecticut liquor control commission to the defendant Voccia was illegal and in violation of law, and that the plaintiff must also be denied an injunction restraining the defendant Voccia, her servants and agents, from selling liquors on the premises at 8 Bank Street, Derby, under the permit issued by the defendants constituting the Connecticut liquor control commission.

Judgment may enter as stated, with taxable costs to the defendants as an incident thereof. All counsel are complimented for the excellence of their respective briefs.