ETTORE E. BIANCARDI *v.* LIQUOR CONTROL COMMISSION

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 14—decided July 12, 1955

*Frank S. Bergin,* for the appellant (plaintiff).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (defendant).

PHILLIPS, J. The defendant liquor control commission refused a wholesaler liquor permit to the plaintiff, and its action was sustained by the Court of Common Pleas on appeal. The permit was refused by the commission on the ground of "[u]nsuitability of backer by reason of the fact that the operation of the Diamond Ginger Ale Corporation, backer on this application, would be directly through Daniel Leary who is an unsuitable person to hold a permit as he is not an elector. Mr. Leary is the holder of a substantial number of shares of stock in the backer corporation and as President and Treasurer acts as chief administrator so that the permittee would be under his absolute dominion."

The record of the proceedings before the commission discloses that Daniel Leary is president and

treasurer of the Diamond Ginger Ale, Inc., herein referred to as the Diamond company, which has 20,000 shares of stock outstanding and 162 stockholders. He owns 3920 shares, the plaintiff owns 10 shares and a stockholder who appeared in opposition to the petition owns 6333 shares. Leary is not an elector because he was convicted of a felony. His elective franchise has not been restored. As an individual he would be barred from holding a liquor permit. General Statutes, § 4264 (1), (3). He has been with the Diamond company thirty-four years. The plaintiff is assistant secretary and assistant treasurer of the Diamond company and has worked for it twenty-nine years. He has no local or state police record and enjoys a favorable reputation.

Sections 4262 and 4264 of the General Statutes provide for mandatory refusal of permits by the commission, and §§ 4263 and 4265 for discretionary refusal. Nowhere does the Liquor Control Act specifically provide for refusal because of "unsuitability of backer." We construe the statement of the commission quoted above to mean that its reasons for refusing the permit were that the plaintiff was under the domination of Leary, who was himself unsuitable to hold a permit, and that the plaintiff had not been delegated full authority over and control of the premises and the business within § 4265 (6).

A person suitable per se to receive a permit may be rendered an unsuitable person if, in operating under it, he would be completely subject to the domination of another who is himself an unsuitable person. *Wilks* v. *Liquor Control Commission,* 122 Conn. 443, 446, 190 A. 262. In that case, the withdrawal of the application of the plaintiff's husband for a permit only after his criminal record became

known, the ensuing application of the plaintiff in her own name, and the continued employment of the husband in the business, coupled with his record of a series of liquor law violations, were held to afford ample ground for the conclusion that the plaintiff was an unsuitable person to hold a permit under the then existing statute. It is true that at that time there was a provision that "[n]o permit shall be granted . . . to any applicant unless he shall have a character, record and reputation satisfactory to the commission" (Cum. Sup. 1935, § 1046c) and that this provision no longer appears in the act. Nevertheless, we hold that the principle of that case is still available to the commission and that it may refuse a permit to any person who is completely subject to the domination of another who is himself an unsuitable person. Otherwise, one could become a permittee in name only in order to enable the real party in interest, who is an unsuitable person, in fact to control and carry on the business for himself. From an examination of the entire record, we cannot hold that the commission acted arbitrarily, illegally, or in abuse of its discretion in denying the permit to the plaintiff on the ground that he was under the absolute domination of Leary, who under § 4264 was himself ineligible to hold a permit.

The second ground which justifies the action of the commission is closely related to the first. Section 4265 provides that "[t]he commission may, in its discretion, refuse a permit for the sale of alcoholic liquor . . . (6) if the permittee-applicant has not been delegated full authority and control of such premises and of the conduct of all business therein." The portion of the application for a permit which contained questions to be answered by the backer

was signed "Diamond Ginger Ale, Inc. Ettore E. Biancardi Asst Secy & Treas." Question 38, in that portion, was: "[H]ave you vested in [the] applicant the full authority and control of such premises and of the conduct of all business therein relative to the sale of alcoholic liquor as you, yourself, could in any way have and exercise on said premises?" The answer was "Yes." The commission upon all the evidence before it may not have believed that this was in fact true. For example, Biancardi testified: "As far as I am concerned [Leary] is top boss." Although Leary himself testified, he did not deny this statement and did not in any way substantiate the answer to question 38. Upon the whole record we cannot say, as a matter of law, that the commission acted arbitrarily, illegally, or in abuse of its discretion in concluding that the plaintiff had not been delegated full authority and control of the premises and the business within the meaning of § 4265 (6).

There is no error.

In this opinion the other judges concurred.