[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Babby Corp. and Nola Baker, appeal the decision of the defendant Department of Liquor Control (Department) denying the plaintiffs' application for a cafe permit to allow the sale of alcoholic beverages. The Department's action, following a hearing, was taken pursuant to General Statutes 30-47. The plaintiffs appeal pursuant to General Statutes 4-183. The court finds the issues in favor of the Department.
The essential facts are not in dispute. The plaintiffs applied for a permit to allow them to sell alcoholic beverages in a cafe known as "Gemini's" in Simsbury. The former owner of Gemini's was Joseph J. Pozzato. His cafe permit was revoked by the Department in 1989 as a result of his conviction of a felony, possession of narcotics. In connection with that conviction, the United States government brought an in rem action and filed a lis pendens against the property where Gemini's is located and which was then owned by Pozzato. Subsequently, Pozzato transferred the property by quit claim deed to his wife, April Pozzato, subject to the government's claim. Mrs. Pozzato then leased the property to Babby Corp. Mrs. Pozzato and Pozzato's two sons are the officers and stockholders of Babby Corp., the applicant/backer in this case. Mrs. Pozzato was also arrested on narcotics charges along with Pozzato, but the charges against her were dismissed following her successful completion of an accelerated rehabilitation program under General Statutes 54-56e.
The Department cited the following reasons for denying the application of Babby Corp. for the permit:
 1. The transfer of the property to Mrs. Pozzato and her lease to the corporate applicant were "nugatory acts."
 2. The property is vulnerable to immediate seizure by the government.
 3. As a convicted felon, Mr. Pozzato is an unsuitable person to be associated with a licensee.
4. Mr. Pozzato would exert "obvious control" CT Page 8056 over the business as the husband and father of the owners and officers of the corporation.
With regard to the fourth reason summarized above, General Statutes 30-47 provides, in relevant part, as follows:
 The department of liquor control may, in its discretion, refuse a permit for the sale of alcoholic liquor if it has reasonable ground to believe: . . . (5) that the applicant. . . has been convicted of a felony. . . (6) if the permittee-applicant has not been delegated full authority and control of such premises and the conduct of all business therein. Any backer shall be subject to the same disqualifications as herein provided in the case of an applicant for a permit.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183 (f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC, 219 Conn. 51,57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58
(1991). If the agency bases its decision on more than one reason, it must be sustained if substantial evidence in the record supports any one of them. Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 539-540 (1987).
The court has carefully reviewed the entire record in this case, including the transcript of the hearing conducted by the Department and documents in evidence. The court has also studied the briefs submitted by counsel for all parties. Counsel waived oral argument on this appeal. On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the Department's finding that the business of operating the cafe would in fact be controlled by Pozzato, notwithstanding the nominal roles played by his CT Page 8057 wife and sons. At the hearing, for example, Pozzato testified that he was presently working in the kitchen of the cafe, although he planned to leave that and conduct a greenhouse business. However, he stated several times how important it was to him that the cafe business remain "in our family." The Department's finding on this issue of control would support its decision to reject the application pursuant to General Statutes 30-47 (5) and (6). Biancardi v. Liquor Control Commission, 142 Conn. 569 (1955).
For all of the above reasons, the appeal is dismissed.
MALONEY, J.