PASQUALE AMARONE *v.* E. GAYNOR BRENNAN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 8—decided March 6, 1940.

*Henry H. Hunt,* for the plaintiff.

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the defendants.

AVERY, J.   The essential facts as stipulated by the parties are as follows: The plaintiff sold beer on premises in New Haven under a tavern permit issued by the liquor control commission.   He had carried on the business at the same site for four years under a permit, confining himself exclusively to the sale of Ballantine's beer.   On the exterior of the premises he displayed a sign advertising his business and the principal product sold within.   This sign contained the name of the tavern and, in addition, the word "Ballantine's" in the form of the trade-mark of the Ballantine Brewing Company.   The sign had no illumination other than street lighting in the vicinity.   The plaintiff had built up a valuable good will because of his exclusive handling of Ballantine's beer, a product claimed to be of superior quality.   On July 1, 1939, the liquor control commission adopted this regulation respecting signs: "Section 27.   Exterior Signs.   No retail permittee shall permit or suffer the display of, on the exterior of the permit premises, any signs or other advertising matter bearing the name, brand or trade mark of any manufacturer or wholesaler of any alcoholic beverage."   The commission, acting pursuant to the provisions of this section, ordered the plaintiff to remove the sign and

has threatened to revoke his permit unless the sign is removed from the permit premises. The revocation would deprive the plaintiff of a valuable permit to transact business and the loss of the entire good will built up by a valuable investment and years of industry on the plaintiff's part, would prevent the plaintiff from advertising to the public the kind and quality of the product sold by him, and would depreciate the value of the good will of his business to an extent that cannot be determined in money damages. The total cost and expense of the erection of the sign is not in excess of $15, and the plaintiff is in no way indebted to the Ballantine Brewing Company except for its weekly invoices for merchandise. The sign does not deceive or tend to deceive a purchaser or consumer as to the nature, quantity or quality of such liquor.

The questions presented to this court for advice are, in substance: (1) Has the liquor control commission authority to regulate advertising generally; (2) is Section 27 a reasonable regulation; (3) is the act of the plaintiff in maintaining an exterior brand sign a violation of Section 27. So far as the decision of this case is concerned, it is necessary to consider only the second and third questions. If the regulation is reasonable and within the power of the commission, and the plaintiff in maintaining an exterior sign violates the regulation, the action must fail. It is unnecessary to consider whether the liquor control commission has authority to regulate advertising generally.

The powers of the liquor control commission are referred to in *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 35, 192 Atl. 260, and the statutes there set forth need not be repeated. The commission is given power to enforce the provisions of the act and "to make all needful rules and regulations for that purpose" and generally to do whatever is reasonably

necessary for the carrying out of the intent of the act, General Statutes, Cum. Sup. 1935, § 1019c, and "every regulation made by the commission . . . shall have the same force and effect as law, unless and until set aside by some court of competent jurisdiction or revoked by the commission." General Statutes, Cum. Sup. 1935, § 1020c. In the *Loglisci* case, supra, page 37, we said: "The authority of the administrative body acting under such grant of power, is limited to the making of reasonable rules and regulations within the scope of the power granted," and "must be exercised within the powers delegated, that is to say, must be confined to details for regulating the mode of proceeding to carry into effect the law as it has been enacted, and it cannot be extended to amending or adding to the requirements of the statute itself." This is but another way of saying that the exercise of rule making power committed to the commission is subject to review by the court and if the court finds that the commission acted arbitrarily, unreasonably, in abuse of its power, or illegally, the action of the commission will be set aside. *Wilks* v. *Liquor Control Commission,* 122 Conn. 443, 445, 190 Atl. 262; *Gwiazda* v. *Bergin,* 121 Conn. 705, 185 Atl. 416; *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 525, 191 Atl. 98; *Ingham* v. *Brooks,* 95 Conn. 317, 329, 111 Atl. 209; *Huntington Telephone Co.* v. *Public Utilities Commission,* 118 Conn. 71, 80, 176 Atl. 679; *Lazarevich* v. *Stoeckel,* 117 Conn. 260, 262, 167 Atl. 823.

One purpose of the Liquor Control Act is undoubtedly to discourage the artificial stimulation of liquor consumption. That advertising upon the exterior of places where liquor was sold was considered to be subversive of the intent of the act, appears from the provision of § 1039c of the 1935 Cumulative Supplement to the General Statutes, which provides: "No electric

or neon sign advertising the sale of alcoholic liquors shall be attached to the outside of any permit premises." We cannot agree that the enactment of this specific statutory prohibition evinces a legislative intent that any other type of advertising on the outside of such premises is to be permitted; the intent was rather to forbid a specific kind of advertising evidently deemed particularly harmful, leaving the regulation of other advertising subject to the general provisions of the act. *Springer* v. *Philippine Islands,* 277 U. S. 189, 206, 48 Sup. Ct. 480, 72 Law Ed. 845.

In 1939, the Legislature adopted an amendment to the Liquor Control Act, 1939 Supplement to the General Statutes, § 984e, providing: "ADVERTISING AND BOTTLING. There shall be no advertising, labeling, bottling or canning of alcoholic liquor which shall, in any way, deceive or tend to deceive, a purchaser or consumer of such alcoholic liquor as to the nature, quality or quantity of such liquor, and all advertising, labeling, bottling or canning of alcoholic liquors, shall be subject to such rules and regulations as the liquor control commission shall prescribe." The commission adopted regulations relative to permits for the sale of alcoholic beverages effective July 1, 1939. Sections 25, 26, 27 and 28 of these regulations related to advertising. Section 25 prohibited the display of electric or neon signs on the outside of permit premises; Section 26 restricted the amount of fixtures, equipment, interior signs and advertising matter which might be furnished by a manufacturer to a retail permittee to an amount not exceeding $50 in one year, and limited the amount that might be expended by a manufacturer in the repair of accessories to a permittee to $20 in one year. These two sections were followed by Section 27 involved in this case. In a note to the regulations, it is stated that the purpose of Sections 25 and 26 is to pre-

vent any retail outlet becoming tied to any particular source of supply because of advertising furnished; and that any manufacturer or wholesaler furnishing material or service in excess of the amount specified will be considered by the commission as having an interest in the business. In argument it is claimed on behalf of the commission that the purpose of these three sections is the same; to prevent the evil of the manufacturers gaining control of the retailers for the purpose of promoting and increasing the sale of particular brands, a practice whereby manufacturers and brewers were competing with each other to acquire more and more retail outlets for their products and thereby promoting and increasing the sale of alcoholic liquor. While it is true that control by the manufacturer might be prevented by a limitation upon the amount which could be spent by it for signs on the exterior of places of business, as in the case of equipment within them, the commission might reasonably have concluded that the fulfilment of the broader purpose could only be served by forbidding all such signs. We conclude that Section 27 is within the scope of the powers conferred upon the liquor control commission by the law. It operates uniformly and without discrimination upon all permittees, and in so far as it affects this plaintiff it cannot be classified as an arbitrary or unreasonable exercise of power.

The contention that the order of the commission that the plaintiff remove the objectionable advertising matter from the sign will deprive the plaintiff of the good will of his business and of valuable property rights is not valid. A tavern permit is a purely personal privilege and does not constitute property in the sense that the Legislature may not regulate it in the exercise of its police power. General Statutes, Cum. Sup. 1935, § 1026c; *La Croix* v. *County Commission-*

*ers,* 49 Conn. 591, 599, 602; *Allyn's Appeal,* 81 Conn. 534, 538, 71 Atl. 794; *Crowley* v. *Christensen,* 137 U. S. 86, 91, 11 Sup. Ct. 13.

The contention of the plaintiff that because the value of the sign furnished in the present case did not exceed $15 it is not a violation of the section cannot be supported. Section 26 of the regulations permits the furnishing by a manufacturer to a retailer of advertising material or an inside sign not exceeding $50 in value in one year. That section makes no reference to exterior signs. Section 27 refers to exterior signs. This is a separate section and does not permit exterior signs bearing the name or trade mark of a manufacturer to be displayed at all. Upon the finding the plaintiff was clearly displaying a sign in violation of this section.

In answer to the second and third questions, we say that under the general power of the commission to make rules and regulations to carry out the intent of the act, the regulation is valid, and that the plaintiff violated it by maintaining the sign in question.

In this opinion the other judges concurred.