WOODWARD H. GRISWOLD *v.* JOHN C. KELLY ET AL., LIQUOR CONTROL COMMISSION

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued November 5, 1953—decided January 19, 1954

*Belton A. Copp,* for the appellant (plaintiff).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *William L. Beers,* attorney general, for the appellees (defendants).

WYNNE, J. The facts in this case are set forth in the stipulation. The plaintiff is a man whose character and reputation are beyond reproach. He is a suitable person within the meaning of the Liquor Control Act. For over thirty years he has owned and conducted a grocery store on Main Street in the town of Old Lyme. Since April, 1934, he has owned a package store in the same building and has been the licensed permittee thereof. His practice has been to keep the package store locked and to open it only when a customer approached it. He would leave the grocery, unlock the front door of the package store, complete his transaction there, then lock that store and return to the grocery.

The plaintiff's permit was revoked by the liquor control commission, after a hearing, for claimed violation of § 204-9 of its regulations. This reads as follows: "Every permittee shall be expected to devote his entire time to the conduct of his permit business, and every retail permittee shall be required to be on the permit premises daily a substantial number of hours during which the business is being conducted, and no permittee shall be employed for hire or otherwise in any other business or occupation. (Exceptions to the above will be considered

only upon written application to and approval by the Commission.)"

The commission's action was based on the ground (1) that the plaintiff failed to devote his entire time to the conduct of the permit business and (2) that he failed to be on the permit premises daily a substantial number of hours during which the business was being conducted. It was for the commission to determine as a fact whether the plaintiff had complied with its regulations. *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 38, 192 A. 260. Admittedly, he did not devote his entire time to his liquor business.

The appeal presents these questions: (1) Is § 204-9 of the regulations of the liquor control commission valid? (2) Did the commission abuse its discretion in refusing to make an exception in this case to the operation of the regulation, if it is valid? Section 4228 of the General Statutes provides: "The commission shall have power to enforce the provisions of this chapter, and may make all necessary rules . . . for carrying out, enforcing and preventing violation of, all or any of the provisions of this chapter, for the inspection of permit premises and the method of carrying on the business of any permittee . . . ." The regulation in question clearly is designed to prescribe the method of carrying on a permittee's business. It is, therefore, valid if it is reasonably necessary "for carrying out, enforcing and preventing violation of" any of the provisions of the Liquor Control Act. *Loglisci* v. *Liquor Control Commission,* supra, 37; see *Beckanstin* v. *Liquor Control Commission,* 140 Conn. 185, 191, 99 A.2d 119.

As applied to the present case, the regulation requiring that a permittee devote his entire time to the permit business has a very direct relevancy to the

enforcement of the Liquor Control Act. One provision of the act is that "[n]o store operating under a package store permit shall sell any commodity other than alcoholic and non-alcoholic liquor." General Statutes § 4242 (as amended, Cum. Sup. 1953, § 1634c). By not devoting his entire time to the conduct of his permit business the plaintiff was able to carry on a grocery business in what, for all practical purposes, was the same store as that used as a package store.

That aside, in adopting the regulation the liquor control commission might reasonably have reasoned that to avoid ruinous competition among liquor outlets and thereby encourage violations of the act it is necessary to prevent the opening of outlets which would be operated on only a part-time basis because the permittees were engaged for the most part in other businesses. With that in mind, it is clear that the regulation was one which was within the power of enactment given to the commission by the statute.

We next consider the question whether the commission in denying the plaintiff's application for an exception abused its discretion. The justification for the commission's action appears in an illuminating portion of a letter written by the plaintiff's counsel to the commission. In this letter counsel gives the key to the whole controversy. Speaking of the economic trends with which the plaintiff was faced, he wrote that the plaintiff "has operated this package store as a logical corollary to his grocery business." This is the very thing that the regulation in question was designed to prevent.

Our conclusion is that the action of the liquor control commission was legal and that the court below was justified in dismissing the appeal.

There is no error.

In this opinion INGLIS, C. J., O'SULLIVAN and QUINLAN, Js., concurred.

BALDWIN, J. (dissenting in part). I disagree with that part of the opinion which holds that the commission did not abuse its discretion in refusing to grant an exception in this case. The regulations give it that power, and it is in no position to question the legality of its own regulation. It is difficult to imagine a set of circumstances wherein a permittee could be more worthy of an exception in his favor than those present in this case. The effect of the commission's action is either to close this plaintiff's package store or to require him to work in it full time himself and employ a clerk to run his grocery store, or vice versa. In the latter case he would have to advertise and promote his package store business in order to increase his sales. This would be contrary to the spirit of the Liquor Control Act. *Amarone* v. *Brennan,* 126 Conn. 451, 454, 11 A.2d 850. If he closes the package store, the modest business he now does there will simply go to some other package store. In either event, nothing of benefit will be added to help police the sale of alcoholic liquor. The commission abused its discretion in refusing to grant an exception.