JOHN C. DADISKOS *v.* LIQUOR CONTROL COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 7—decided March 26, 1963

*John Poulos,* with whom, on the brief, were
*M. Peter Barry* and *George V. Steiner,* for the ap-
pellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

BALDWIN, C. J. The defendant liquor control commission, after a hearing, revoked, on July 20, 1961, the plaintiff's restaurant liquor permit. The commission found that the plaintiff was an unsuitable person to have the permit for the following reasons: (1) On August 10, 1960, he permitted gambling on the permit premises in violation of § 204-10 of the commission's regulations. (2) He was arrested on that date for pool selling and conspiracy to violate the statutes prohibiting gambling. (3) On November 9, 1960, he allowed a disturbance and brawl on the permit premises in violation of § 204-10 of the commission's regulations. (4) On that date he, by his servant, refused to cooperate with or give information to the police on a matter arising out of the conduct of the permit premises, in violation of § 204-36 of the commission's regulations. (5) On February 25, 1961, he allowed gambling on the permit premises in violation of § 204-10 of the commission's regulations. The plaintiff appealed to the Court of Common Pleas.

The Court of Common Pleas considered the appeal on the record made before the commission. General Statutes § 30-60; *Boncal* v. *Liquor Control Commission,* 148 Conn. 648, 650, 173 A.2d 593. This record included a transcript of the hearing held by the commission, at which the plaintiff was represented by competent counsel. It also included transcripts of the evidence received in the Hartford City and Police Court at the plaintiff's trial on the charge of pool selling on August 10, 1960, and conspiracy to violate the statutes prohibiting gambling, and in the Circuit

Court in the fourteenth circuit at his trial to a jury on a charge of pool selling on February 25, 1961, and registering or receiving wagers on horse races. The plaintiff offered these transcripts in evidence at the hearing before the commission.

The plaintiff claims that the action of the commission in revoking his permit was arbitrary and in abuse of its discretion because the evidence before the commission was insufficient to support a finding that he was an unsuitable person to have a restaurant liquor permit. Section 30-55 of the General Statutes vests in the commission a liberal discretionary power "to revoke or suspend any permit upon cause found after hearing." *Loglisci* v. *Liquor Control Commission,* 123 Conn. 31, 36, 192 A. 260; *Boncal* v. *Liquor Control Commission,* supra, 650. The obvious legislative intent of this statute is, inter alia, to empower the commission to inquire whether a permittee who presumably had been a suitable person when he was granted a permit has remained so and to revoke the permit if he has not. See §§ 30-39, 30-40, 30-47, 30-62, 30-81. The inquiry presents an issue of fact. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 561, 53 A.2d 655; *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156, 48 A.2d 729. The commission cannot, of course, act in an arbitrary or unreasonable fashion. *Boncal* v. *Liquor Control Commission,* supra, and cases cited.

A review of the record of the commission discloses evidence of a course of conduct by the plaintiff—subsequent to a suspension of his permit in 1959 for allowing gambling on the permit premises —which the court could have found clearly warranted the commission's action. It is true that the criminal charges against the plaintiff arising out of the incidents on August 10, 1960, and February 25,

1961, did not end in convictions. Evidence of these alleged violations, however, was also presented to the commission. The credibility of witnesses and the determination of factual issues are within its province. *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218, 221, 104 A.2d 890; *Griswold* v. *Kelly,* 140 Conn. 582, 584, 102 A.2d 349. To justify the revocation or suspension of a permit, the evidence before the commission need not establish the guilt of the permittee beyond a reasonable doubt. In the instant case, the commission was not necessarily required to find, because of the result reached in the City and Police Court of Hartford or in the Circuit Court, that the plaintiff was a suitable person. See *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 695, 37 A.2d 227; *Boncal* v. *Liquor Control Commission,* supra, 651. The commission was not called upon to impose criminal penalties. It was only required to pass upon the suitability of the permittee as disclosed by all of the evidence before it. *Dylag* v. *Brennan,* 128 Conn. 304, 307, 22 A.2d 635. The trial court did not err in concluding that there was evidence before the commission sufficient to support its action.

The plaintiff also claims that the renewal of his permit on October 29, 1960, precluded the commission from considering the incidents of August 10, 1960, as grounds for revocation. Under § 30-14 of the General Statutes, a permit is good for one year only. Ordinarily, a renewal is granted upon application unless there are circumstances which, in the discretion of the commission, warrant a denial. When the commission acts pursuant to § 30-55, it is not required to base its decision on any one of the alleged grounds. It can consider whether they individually or all together warrant a revocation.

*Boncal* v. *Liquor Control Commission,* supra, 653. As far as appears, the commission considered each of the grounds on which it acted sufficient to warrant its action. It follows that the claimed inadequacy of one of the grounds does not, alone, impair the decision of the commission. *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 150, 168 A.2d 547; *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415. If the incidents of August 10, 1960, are left out of consideration, there was still ample evidence before the commission to warrant a conclusion by the trial court that the commission had not acted arbitrarily or abused its discretion. The plaintiff gains nothing by this claim.

The plaintiff claims further that § 204-5 of the commission's regulations is void so far as it declares that any violation of the regulations is a ground for the revocation of a permit. He argues that the explicit enumeration in the Liquor Control Act of several grounds for revocation; see, e.g., §§ 30-52, 30-57, 30-58, 30-67; precludes the commission from adding any other grounds by regulation. Section 30-6 of the General Statutes expressly authorizes the commission to "make all necessary regulations for . . . [the purpose of enforcing the Liquor Control Act] and . . . [inter alia] for insuring proper, safe and orderly conduct of licensed premises." It was clearly within this broad delegation of power for the commission, by § 204-10 of the regulations, to impose on all liquor permittees the duty not to permit unlawful conduct on permit premises; by § 204-36 of the regulations, to impose on them the duty to cooperate with the police in the investigation of matters arising out of the conduct of the permit premises; and, by § 204-5 of the

regulations, to make noncompliance with any regulation a ground for revocation. *Ruppert* v. *Liquor Control Commission,* 138 Conn. 669, 674, 88 A.2d 388; *Griswold* v. *Kelly,* 140 Conn. 582, 584, 102 A.2d 349; *State* v. *Vachon,* 140 Conn. 478, 485, 101 A.2d 509.

There is no error.

In this opinion KING, SHEA and ALCORN, Js., concurred; MURPHY, J., concurred in the result.