JOHN H. NOYES *v.* LIQUOR CONTROL COMMISSION

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued December 4, 1963—decided April 22, 1964

*Harry Hammer,* for the appellant (plaintiff).

*Carl D. Eisenman,* assistant attorney general, with whom were *Louis Weinstein,* assistant attorney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellee (defendant).

COMLEY, J. The plaintiff appeals to this court from a judgment of the Court of Common Pleas dismissing his appeal from an order of the liquor control commission suspending his package store permit for a period of fifteen days. The reason assigned by the commission for the suspension was the unsuitability of the plaintiff in that he had violated General Statutes § 30-86, which makes it a criminal offense for any permittee to sell alcoholic liquor, which includes beer, to a minor.

The first claim of error made by the plaintiff is that, because the Circuit Court had earlier dismissed a criminal information against the plaintiff based on the same alleged violation of § 30-86, the matter was res judicata and could not be decided differently by the commission. It has been held that an acquittal of a criminal charge does not compel the commission to reach the same result in a proceeding before it. *Dadiskos* v. *Liquor Control Commission,* 150 Conn. 422, 426, 190 A.2d 490; *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 695, 37 A.2d 227. In his brief, the plaintiff recognizes the rule

established by these cases, but he seeks to avoid their effect by drawing a distinction between an acquittal and the dismissal of a criminal charge granted under General Statutes § 54-56 where "there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial." It is true that an acquittal and a dismissal are different. One is reached at the end of a trial and is based on a negative answer to the question whether the evidence has established the guilt of the person accused beyond a reasonable doubt. The other is granted earlier in the proceedings—in this case at the close of the state's evidence—and is based on a negative answer to the question whether, if the proceedings continue, there would be any basis for a finding of guilt beyond a reasonable doubt. In either case, the burden of proof and the ultimate question to be answered are not the same as those involved in an inquiry by the commission into the suitability of a permittee; and, therefore, the commission is not bound by the result reached in a criminal prosecution.

There is likewise no merit to the claim of the plaintiff that the notice of hearing and the notice of suspension served on him by the commission were defective because they did not recite that the proceedings were taken against him under General Statutes § 30-55, which authorizes the commission, of its own motion, to revoke or suspend any permit upon cause found. Both notices recited that the proceedings were based on an alleged violation of § 30-86, which makes criminal the sale of alcoholic liquor to a minor. This recital did not mean that the commission was taking action under § 30-86. It could not take action under that statute; but it

could, and did, find, as a reason for its order of suspension under § 30-55, that the plaintiff was unsuitable in that he had violated § 30-86. The notices were not defective.

The final claim of the plaintiff that there was not sufficient evidence before the commission to support its finding of an illegal sale does not merit discussion. The determination of factual issues on conflicting testimony is within the province of the commission. *Dadiskos* v. *Liquor Control Commission,* supra, 425; *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 561, 53 A.2d 655.

There is no error.

In this opinion the other judges concurred.