[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
It has been alleged that on December 17, 1987, Sharon Florian, a sixteen-year-old female entered Scruples Cafe and was served and consumed nothing less than ten drinks consisting of shots of Tequila and Screwdrivers, was intoxicated, and was ultimately picked up and taken home by her brother after she had blacked out.
The defendant, Department of Liquor Control, claims that the plaintiff by himself or servants or agents, sold or delivered alcoholic liquor to the minor, Sharon Florian, on the above-mentioned mentioned date, the plaintiff allowed Sharon Florian to loiter upon the premises unaccompanied by a parent, a guardian or spouse in a room where alcoholic liquor is served at a bar, that the plaintiff sold or delivered alcoholic liquor to an intoxicated Sharon Florian, that the plaintiff allowed an intoxicated Sharon Florian to loiter upon the premises.
The defendant also claims that on September 10, 1988 the plaintiff sold or delivered alcoholic liquor to a minor, William CT Page 775 Goodwin, that on that same day the plaintiff allowed minors James P. Guglielmo, Yola Czajkowski, and William Goodwin to loiter upon the premises, and that on that same day minors James P. Guglielmo, Yola Czajkowski, and William Goodwin unaccompanied by parents, guardians or spouses were allowed to be in a room where alcoholic beverage is served at a bar.
The defendant after hearing, concluded that the plaintiff had violated the allegations as alleged above and on March 14, 1989 ordered a suspension of the plaintiff cafe's liquor permit for an effective period of ten days.
The plaintiff appeals to this court from that decision.
A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case may appeal to this court. The court finds that the plaintiff is aggrieved and, therefore, has standing to appeal to this court.
On evidentiary challenges the question is not whether the trial court would have reached the same conclusion, but whether the record before the department supports the action taken. Williams v. Liquor Control Commission, 175 Conn. 409, 413 (1978). The court does not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Conn. General Statutes 4-183(g).
The scope of judicial review is limited, the court does not retry the case and is not permitted to substitute its findings or judgment for those of the commission or authority. Parks v. PZC, 178 Conn. 657, 653 (1979).
The court is limited to determining whether the record reasonably supports the conclusion reached by the zoning authority or, in this case, commission. Burnham v. PZC,189 Conn. 261, 265 (1988).
Where an authority has not provided the reason for its decision, the court must review the record to determine whether the decision is supported thereby. A. P. W Holding Company v. PZC. 167 Conn. 182, 186, 187 (1974).
If any one of the reasons for the agency's action can be sustained, particularly a reason for which a ten-day suspension was imposed, then the appeal will fail. Dadiscus v. Liquor Control Commission, 150 Conn. 422 (1963).
The defendant claims that the plaintiff has violated the following statutes: CT Page 776
 1. Sec. 30-86 — By selling or delivering alcoholic liquor to a minor and to an intoxicated person.
 2. Sec. 30-90 — By allowing minors to loiter upon the permit premises and allow minors unaccompanied by a parent, guardian or spouse to be in a room where alcoholic liquor is served at a bar.
 3. Sec. 30-6-A-24(c) of the Regulations of the defendant — By allowing an intoxicated person to loiter upon the permit premises.
Sec. 30-86 forbids the sale or delivery of alcoholic liquor to a minor or to an intoxicated person.
Sec. 30-90 forbids any minor or other person to whom the sale or gift of alcoholic liquor has been forbidden according to the law to loiter on the premises where such liquor is kept for sale, or any minor other than a person over the age of eighteen who is. . . or a minor unaccompanied by his parent or guardian, to be in any room where alcoholic liquor is served at any bar.
Sec. 30-6-A-24(c) prohibits the loitering of an intoxicated person on the permit premises.
The defendant Commission found the following:
 Sharon Florian, a minor, had been sold or delivered to by the plaintiff alcoholic liquor, that the plaintiff permitted her to loiter upon the permit premises, allowed her unaccompanied by a parent, guardian or spouse to be in a room where alcoholic liquor is served at a bar, that the plaintiff sold or delivered to her while she was intoxicated and allowed her, an intoxicated person, to loiter upon the said permit premises.
In substantiation of their claims, evidence at the hearing is claimed to indicate that Sharon Florian was born on April 16, 1971 and was, therefore, a minor on December 17, 1987, that she entered Scruples Cafe at approximately 7-7:30 p. m. on December 17, 1987 with another person, and that she purchased and consumed up to ten alcoholic beverages including shots of Tequila and Screwdrivers, was not asked for any identification, that she blacked out and had to be helped from the premises by her brother around 9:00 p. m. and that she did not appear to be twenty-one years of age. CT Page 777
At the hearing before the defendant on March 2, 1989, Sharon Florian testified that she was born on April 18, 1971, which testimony was verified by her birth certificate and driver's license.
She further testified that on December 17, 1987, she entered Scruples Cafe with a girlfriend sometime during the evening, the specific hour was in question, that she had about ten shots of Tequila and Screwdrivers which she had purchased herself by going up to the bar, and that she was not asked for identification. Miss Florian also testified that she was intoxicated, that the drink was sold to her by a male bartender and that she blacked out and her brother ultimately took her out of the bar.
On cross-examination at the hearing, Sharon Florian testified that she had her first drink at age thirteen, that she went out about three or four times a week and that she did drink when she went out.
There was testimony at the hearing by a lady whose name was Kali who disputed the testimony of Miss Florian and indicated that she did not see her purchase a drink, that, in fact, she was intoxicated when she came into the bar.
The Court finds that a question of fact was raised as to whether or not Sharon Florian was in the bar and served, and the Commission exercised its discretion in determining that she had been served alcoholic beverage as a minor.
This Court does not find that Sharon Florian was loitering upon said premises nor is the Court convinced that she was served alcoholic beverage while intoxicated or that she was allowed to loiter upon the premises while intoxicated. The evidence which was presented to the Commission did not indicate when she became intoxicated, or if she had been served intoxicating beverages after she became intoxicated, furthermore, the record does not indicate how long a period of time she was on the premises in the intoxicated condition.
The Commission found that on December 10, 1988 William Goodwin, James P. Guglielmo and Yola Czajkowski were minors and were allowed into the plaintiff's place of business in a room where alcoholic liquor is served at a bar unaccompanied by a parent, guardian or a spouse. There was sufficient testimony at the hearing from the Liquor Control Officers that these minors were in the bar and they were unaccompanied by a parent, guardian or spouse. CT Page 778
The Court further finds that William Goodwin was not sold or delivered alcoholic beverage by the plaintiff because there was no testimony at the hearing that the glass that was placed in front of William Goodwin contained alcoholic beverage. The Commission put on no proof of this nor did they secure the drink for purposes of testing same.
The Court also finds that the activities of the aforementioned minors William Goodwin, James P. Guglielmo and Yola Czajkowski did not constitute loitering.
The appeal with the respect to Charge No. 1 that on December 17, 1987 the plaintiff delivered alcoholic liquor to a minor, Sharon Florian, is dismissed.
The appeal with the respect to Charge No. 2 that on December 17, 1987 the plaintiff allowed a minor, Sharon Florian, to loiter upon said premises is sustained.
The appeal from that portion of Charge No. 2 wherein the plaintiffs allowed Sharon Florian unaccompanied by a parent, guardian or spouse to be in a room where alcoholic liquor is served at a bar is dismissed.
The appeal with regard to Charge No. 3 and Charge No. 4 wherein it is alleged that on December 17, 1987 the plaintiff sold or delivered alcoholic liquor to an intoxicated person, Sharon Florian, and allowed an intoxicated person to loiter upon said premises is sustained.
The appeal with respect to Charge No. 5 that on September 10, 1988 the plaintiff sold or delivered alcoholic liquor to a minor, William Goodwin, is sustained.
The appeal with respect to Charge No. 6 that on September 10, 1988 the plaintiff allowed minors James P. Guglielmo, Yola Czajkowski and William Goodwin to loiter upon the permit premises is sustained.
The appeal with respect to Charge No. 7 that on September 10, 1988 the plaintiff allowed minors James P. Guglielmo, Yola Czajkowski and William Goodwin unaccompanied by a parent, guardian or spouse to be in a room where alcoholic liquor is served at a bar is dismissed.
R. C. FLANAGAN, Judge CT Page 779