[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This is an appeal, pursuant to Conn. Gen. Stat. 4-183, from a decision of the Department of Liquor Control ("Department") wherein it revoked Pomopei restaurant, Inc. and John S. Ramondetta's ("Plaintiffs") Cafe permit for violations of Conn. Dept. Reg. 30-6-A24(d) and 30-6-A24(e). CT Page 2220
In a Notice and Particulars dated June 27, 1989, the Department charged the plaintiffs with four violations of Conn. Dept. Reg. 30-6-A24(d) and 30-6-A24(e) for events occurring on the permit premises on January 20, March 12, and March 31, 1989. (Record, Item 1, Notice of Hearing, [RR]. Specifically, plaintiffs were charged because nude dancers performing on their premises had allegedly engaged in prohibited conduct. Id.
In a motion to dismiss dated August 15, 1989, plaintiffs moved to dismiss a hearing on the first charge on the ground that the department lacked jurisdiction of it under Conn. Gen. Stat. 30-55 because it arose out of the same conduct out of which an arrest of the President of Pompei Restaurtant, Inc., Mr. DiPersio, had taken place. (RR. 4, Motion to Dismiss).
On August 15, 1989, a hearing of the Department's charges against the plaintiffs took place before three Commissioners of the Department. (RR. 7, Transcript). In a Notice of Decision dated August 17, 1989, the Department made findings of fact and held that Conn. Dept. Reg. 30-6-A24(d) and 30-6-A24(e) were violated as alleged in the four charges. (RR. 5, Notice of Decision). The Department revoked plaintiffs' case permit on the ground that the plaintiffs were unsuitable based on those violations. Id. In addition, the Department denied plaintiffs' motion to dismiss charge on the ground that the charged violation of Department regulations was different than the criminal charge for obscenity against Mr. DiPersio. Id. Lastly, the Department set forth Pompei Cafe's record with the Department as part of the basis for choosing revocation as the penalty for the violations. Id.
Conn. Gen. Stat. 30-55 authorizes the Department to revoke or suspend any permit upon cause found after hearing. "The obvious legislative intent of the statute is, inter alia, to empower the commission to inquire whether a permittee who presumably had been a suitable person when he was granted a permit has remained so and to revoke the permit if he has not." Dadiskos v. Liquor Control Commission, 150 Conn. 422, 425
(1963).
It is fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. Connecticut Business Industries Assn., Inc. v. CHHC,214 Conn. 726, 729 (1990). Conn. Gen. Stat. 30-60 establishes the categories of plaintiffs entitled to statutorily appeal Department action. Hartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616, 620 (1979).
Conn. Gen. Stat. 30-60 provides in part: "any permittee whose permit is revoked or suspended by the CT Page 2221 department of liquor control. . .may appeal therefrom in accordance with section 4-183." Because the Department revoked the plaintiffs' case permit, the court finds that the plaintiffs are statutorily aggrieved with standing to bring this action.
Conn. Gen. Stat. 4-183(c) requires an aggrieved party taking an appeal from a final decision in a contested case to do so by filing a petition in the Superior Court within forty-five days after mailing of the final decision of the Department. In addition, copies of the appeal petition must be served on the agency and all parties of record within forty-five days after the mailing of that notice. Conn. Gen. Stat. 4-183(d) requires an appealing party to file and affidavit or a sheriff's return attesting to the service.
In this case, notice of the Department's decision was mailed on August 17, 1989 (RR. 5, Notice of Decision) and plaintiff filed this appeal in the Superior Court on September 12, 1989, (Court File, Item 101, Appeal Petition), within the forty-five day requirement. Copies of the appeal petition were served on the agency and all parties of record on September 8, 1989 (Court file, Item 101, Sheriff's Return), also within the forty-five day requirement. Therefore, this appeal is both timely filed and served.
 III.
A trial court is not a liberty to retry the case. All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184,191-92 (1989). The question to be decided is whether the record before the commission supports the action taken. Id. at 192. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. The legal conclusions reached by the agency must stand, therefore, if the court determines that they resulted from a correct application the law to the facts found and could reasonably and logically follow from such facts.
It is axiomatic that the burden of proof to demonstrate that the Department acted improperly is upon the plaintiff. Viola v. Liquor Control Commission, 158 Conn. 359, 361 (1969).
 IV.
Issues on Appeal
A. Conn. Gen. Stat. 30-55 as a Bar to Proceedings Based on an Arrest Which has not Resulted in a Conviction CT Page 2222
In their memorandum, plaintiffs argue that the Department did not have jurisdiction to hold a hearing pursuant to Conn. Gen. Stat. 30-55 on the first charge which alleged events of March 12, 1989 that violated Conn. Dept. Reg. 30-6-A24(d) and30-6-A24(e). Specifically, plaintiffs contend that because Robert Dipersio, the president of Pompei Restaurtant, Inc., was arrested based on the same facts as the first charge for promoting obscenity under Conn. Gen. Stat. 53a-194 and because that charge was nolled in the criminal court, the Department improperly initiated hearing proceedings based upon a arrest which did not result in a conviction. (RR. 4, Motion to Dismiss; RR. 7, Transcript, pp. 32-34.
Conn. Gen. Stat. 30-55, which allows the Department to suspend or revoke any permit upon cause found after a hearing, provides as an exception that "the department shall not initiate hearing proceedings pursuant to this section based upon any arrest which has not resulted in a conviction."
Although the parties dispute the meaning of this statute, "[a] statute does not become ambiguous solely because the parties disagree as to its meaning." Ford Motor Credit Co. v. B. W. Beardsley, Inc., 208 Conn. 13, 18 (1988) (citations omitted). "If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive." Id. Where the language of the statute is clear and unambiguous there is no need for statutory construction or of a review of legislative history. All Brand Importers, 213 Conn. at 195
Conn. Gen. Stat. 30-55 provides as follows:
 Sec. 30-55. Revocation or suspension of permits; hearing; appeal to stay proceedings. The department of liquor control may, of its own motion, revoke or suspend any permit upon cause found after hearing, provided ten days' written notice of such hearing has been given to the permittee setting forth, with the particulars required in civil pleadings, the charges upon which such proposed revocation or suspension is predicated and provided no permit shall be suspended or revoked for any violation of this chapter of of which the permittee or his servant or agent was finally found not guilty by, or received dismissal in, a court having jurisdiction thereof, and no disciplinary action shall be taken thereafter by said department against the backer or such permittee, servant or agent, and provided the department shall not initiate hearing proceedings pursuant to this section based upon any arrest which has not resulted in a conviction. CT Page 2223 Any appeal from such order of revocation or suspension shall be taken in accordance with the provisions of section 4-183.
Mr. DiPersio was arrested for promoting obscenity. That criminal charge was nolled. It was not dismissed nor was there a finding of not guilty in that there was no trial.
Also Mr. DiPersio was arrested for promoting obscenity and the disciplinary proceedings were based upon nude conduct at the Pompei Restaurtant, which was an alleged violation of the regulation not the penal statutes.
The Department did not proceed on the basis that Mr. DiPersio was arrested; rather it proceeded because it was alleged that a nude dancer performed at the restaurant and such conduct was in violation of regulation 30-6-A24(d)(e).
Therefore, it is found that 30-55 does not preclude the Department proceedings against the plaintiffs.
Also the plaintiffs have failed to meet their burden of proof for establishing the applicability of Conn. Gen. Stat.30-55 and therefore the Department's commencement of the hearing procedure was proper.
B. Sufficiency of Evidence in the Record Justifying the
Penalty of Revocation.
In their memorandum, plaintiffs argue that the penalty of revocation imposed by the Department was draconian, unduly harsh, not in accord with the usual punishment and not justified by the record. Specifically, plaintiffs, contend that because the violations caused no harm the punishment was unusually harsh and without support in the record. Plaintiffs also contend the harsh punishment of revocation has been reserved in the past for criminal acts in violation of statutes but not used in situations where violations have been found similar to the plaintiffs' violations.
The plaintiff has made no claim that there was insufficient evidence to support the Department's finding of violations of Conn. Dept. Reg. 30-6-A24(d) and 30-A24(e). Section 30-55 of the General Statutes vests in the [Department] a liberal discretionary power to revoke or suspend any permit upon cause found after hearing. Dadiskos, 150 Conn. 422.
As long as the decision is supported and the penalty CT Page 2224 does not exceed that allowable by statute, the court may not substitute its judgment. Sumara v. Liquor Control Commission,165 Conn. 26. The penalty imposed by the Department for violations of their regulations was within their discretion.
3. Departments Review of Licensee's Record of Violations in Considering Which Penalty to Impose.
In their memorandum, plaintiffs argue that Pompei Cafe's record with the Department was considered by the Department without any notice to the plaintiffs and without any opportunity to contest or explain it. Specifically, plaintiffs contend that the Department's consideration of their prior record is a direct violation of Conn. Gen. Stat. 4-17 (c) which states: "Opportunity shall be afforded all parties to respond and present evidence and argument on all issues involved." The statutory section cited by plaintiff was revealed on July 1, 1989, a date prior to the administrative hearing in this case. Therefore, the cited statute cannot be applied to this administrative hearing.
Plaintiff's further contend that the Department's reliance on "extra-record" evidence requires exclusion in the decision making process because the plaintiffs had no opportunity to rebut it or cross-examine its proponents. Plaintiffs rely on the rule that reliance on extra record evidence for important facts in deciding a case demonstrates substantial are judice and requires a remand. Connecticut Natural Gas Corporation v. PUCA, 183 Conn. 128, 139-40 (1981). In this case the Department relied on plaintiffs prior record, not for facts in determining violations, but to weigh the severity of the penalty that would be fair after it decided the current charges were proven. (RR., Item 5, Notice of Decision, 3). Therefore it is concluded that the Department considered the prior history of violations at the premises in question to ascertain the extent of the penalty after it found the alleged charges to be established. The prior history was not considered as to the issue of whether the plaintiff violated the regulations, but in deciding the penalty to be imposed.
Lastly, plaintiff contends that the failure of the Department to allow plaintiff to respond and present evidence on their past record constituted a violation of plaintiffs' due process rights. Plaintiffs have failed to cite any legal authorities in support of this allegation and issues not briefed are considered abandoned. State v. Ramsundar204 Conn. 4, 16 (1987).
The plaintiffs have failed to meet their burden of proof to demonstrate that the Department acted illegally, arbitrarily CT Page 2225 or in abuse of its discretion in considering the plaintiffs' record relative the disposition of the proceedings against the plaintiff.
For the reasons set forth, the Department's decision is affirmed and the appeal is dismissed.
Stengel, J.