[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Asuncion Colon, backer, and Wilberto Diaz, permittee, appeal from a decision of the Liquor Control Commission revoking their grocery beer permit for selling or dispensing alcoholic liquor on the premises at 135-137 Brook Street, Hartford, CT, during prohibited hours in violation of General Statutes § 30-91 (d). The commission acted pursuant to General Statutes § 30-55. The plaintiffs appeal pursuant to General Statutes §§ 30-55 and 4-183.
The record reveals the following facts. By notice dated August 20, 1996, the plaintiffs were summoned to appear before the commission for a "compliance meeting" pursuant to General Statutes § 4-182 (c) regarding several incidents where the plaintiffs allegedly violated the hours and days of closing provisions of General Statutes § 30-91 (d). (Return of Record (ROR), Item 1.) The matter came to the attention of the commission by way of police referrals to the commission by the Hartford police department. (ROR, Item 1.) The commission alleged that the plaintiffs sold or dispensed alcoholic liquor at the premises during prohibited hours in violation of General Statutes § 30-91 (d) on February 11, 1996, March 8, 1996, May, 15, 1996, May 23, 1995, July 5, 1996, August 8, 1996, and August 16, 1996. The commission further alleged that the CT Page 296 plaintiffs violated Conn. Agency Regs. § 30-6-B55 by failure to lock all beer coolers and cover all floor stock which are accessible to the public during prohibited hours of sale on August 8, 1996, and August 16, 1996.
The commission held a formal hearing on the charges on September 5, 1996. Several Hartford police officers testified in support of the charges, and the plaintiffs appeared through counsel to contest the charges. (ROR, Items 6, 7.)
After the hearing, the commission issued a decision in which it made detailed factual findings with respect to each incident and concluded that the plaintiffs had violated § 30-91 (d) on six of the nine occasions. In its decision, the commission found: "There is evidence of the sale or dispensing of alcoholic liquor after prohibited hours by the [plaintiffs] on six different dates over a six month period. . . . There appears to the Commission to be a flagrant disregard by the [plaintiffs] of the laws and regulations by which [they are] required to abide under the Liquor Control Act." (ROR, Item 6, p. 7.)
The plaintiff filed a timely appeal of the commission's revocation of their permit. The record and briefs were filed and the court heard oral argument on October 29, 1997.
"Our standards of review concerning administrative appeal are statutorily mandated: `[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.' General Statutes § 4-183
(j)." Slimp v. Department of Liquor Control, 239 Conn. 599, 604
(1996).
On appeal, the plaintiffs argue that the commission acted illegally in that it failed to adhere to its statutory duty under General Statutes § 30-55 to determine whether it had CT Page 297 authority to proceed based on an arrest resulting in a conviction. The commission argues that the plaintiffs did not raise the issues of its authority to proceed or the alleged bar of General Statutes § 30-55 at the revocation proceeding, so the court should not consider these issues on appeal. The commission further argues that there is no evidence in the record showing that the § 30-55 bar should apply in this case.
General Statutes § 30-55 provides, in pertinent part:
 (a) The Department of Consumer Protection may, of its own motion, revoke or suspend any permit upon cause found after hearing, provided ten days' written notice of such hearing has been given to the permittee setting forth, with the particulars required in civil pleadings, the charges upon which such proposed revocation or suspension is predicated and provided no permit shall be suspended or revoked for any violation of this chapter of which the permittee or his servant or agent was finally found not guilty by or received dismissal in, a court having jurisdiction thereof, and no disciplinary action shall be taken thereafter by said department against the backer or such permittee, servant or agent, and provided the department shall not initiate hearing proceedings pursuant to this section based upon any arrest which has not resulted in a conviction. Any appeal from such order of revocation or suspension shall be taken in accordance with the provisions of section 4-183.
(Emphasis added.)
"Section 30-55 of the General Statutes vests in the commission a liberal discretionary power to revoke or suspend any permit upon cause found after hearing. . . . The obvious legislative intent of this statute is, inter alia, to empower the commission to inquire whether a permittee who presumably had been a suitable person when he was granted a permit has remained so and to revoke the permit if he has not." (Citations omitted; internal quotation marks omitted.) Dadiskos v. Liquor ControlCommission, 150 Conn. 422, 425 (1963). Since the Dadiskos
decision in 1963, General Statutes § 30-55 has been amended several times to add the provisions emphasized above. CT Page 298
In this case, all of the charges against the plaintiff resulted from police referrals. (See ROR, Item 6.) At the agency hearing, police officers testified that they had arrested the permittee or his agent in three of the nine incidents that were the subject of the commission's charges against the plaintiffs. (ROR, Item 7, pp. 73, 78, 112, 120, 148, 150.) Sergeant Chris Morin of the Hartford Police Department testified in response to the question of whether he knew if the arrests stemming from the July 5, 1996 incident had been adjudicated: "I'm not sure of the outcome, I have spoken to — since then he claims the case was nollied and I haven't followed up on it." (ROR, Item 7, pp. 78-79.) The record contains no testimony or evidence regarding the outcome of the other two arrests, nor does it contain any evidence regarding whether the police made arrests with respect to the three other charges stemming from police referrals, and if so, whether any arrests resulted in convictions.
"In determining statutory meaning, we must ascertain and give affect to the intent of the legislature. . . . In doing so, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Furhman v. Freedom ofInformation Commission, 234 Conn. 427, 432 (1997). "If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." Office of ConsumerCounsel v. DPUC, 234 Conn. 624, 642 (1995).
The words of § 30-55 are clear and unambiguous. First, it provides that no permit shall be suspended or revoked for charges upon which the permittee or his agent was found not guilty or a dismissal entered. Second, it provides that the department shall not initiate proceedings based on an arrest that has not resulted in a conviction.
"[A]dministrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction on themselves. . . . [A]n administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful CT Page 299 manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power. . . . It is a familiar principle that [an administrative agency] which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citations omitted; internal quotation marks omitted.) Hall v. Gilbert and Bennett Manufacturing Co.,241 Conn. 282, 290-91 (1997). When a particular statute authorizes an agency to act in a particular situation it necessarily confers on that agency the authority to determine whether the situation is such as to authorize the agency to act. See Polymer Resources v. Keeney, 227 Conn. 545, 557 (1993). This question should be initially decided by the agency. Id.
Because the issue in this case is whether the commission had jurisdiction under the provisions of § 30-55 to take action upon the charges against the plaintiffs, the court finds that the plaintiffs did not waive this argument by not raising it first before the commission. Figueroa v. C and S Ball Bearing,237 Conn. 1, 4 (1996). The court's finding that the plaintiffs have not waived this issue, however, does not mean that the court approves of the plaintiffs' failure to question the commission's authority under § 30 55 to take action against them as a threshold issue at the agency hearing.
The record does not contain the evidence necessary to show that the commission has complied with the statute. Accordingly, pursuant to subsection (j) of General Statutes § 4-183, the court sustains the plaintiffs' appeal and remands this case to the commission to determine if its actions revoking the permit were authorized under the provisions of § 30-55. In that determination, the commission shall take evidence to determine if the revocation is based upon any charges upon which the plaintiffs or their agents or servants were found not guilty or a dismissal entered. The commission is also ordered to determine if it properly initiated the proceedings under § 30-55 that resulted in the revocation of the plaintiffs' permit. The commission shall take the evidence necessary to determine if the charges for which it m posed sanctions were based upon arrests, and, if so, if the arrests resulted in convictions.
The appeal is sustained, and the case is remanded to the commission for further proceedings in accordance with this CT Page 300 decision.
DiPentima, J.