[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a June 2, 1998 decision of the defendant, the Department of Consumer Protection, Liquor Control Commission ("Commission"). The Commission found that the plaintiffs had sold or delivered alcohol to a minor and imposed sanctions. The aggrieved plaintiffs appeal the Commission's decision pursuant to the Uniform Administrative Procedure Act, General Statutes §§ 4-166 et seq. and 4-183. The plaintiffs argue that there was not substantial evidence before the Commission to support its decision and that the Commission failed to apply the correct legal standard.
Initially, the plaintiffs had been charged with four violations of the Liquor Control Act. Subsequent to an administrative hearing on March 5, 1998, the Commission found one CT Page 13337 violation of General Statutes § 30-86, which provides, in pertinent part: "Any permittee who, by himself, his servant or agent, sells or delivers alcoholic liquor to any minor . . . shall be subject to the penalties of section 30-113."
The named plaintiff is the permittee of Knickerbocker Restaurant, 1201 Boston Post Road, Milford, Connecticut. Based on the evidence adduced at the hearing, the Commission found that on August 2, 1996, one Richard Smethurst was on the premises of Knickerbocker's. Smethurst's date of birth is September 12, 1976. Thus, he was nineteen years of age at the time and a minor. Smethurst purchased a beer from the waitress which he then consumed. Smethurst was not asked for identification prior to purchasing the beer. Based on the foregoing, the Commission concluded that there had been a sale or delivery of alcoholic liquor to a minor in violation of General Statutes § 30-86. Based upon that finding, the Commission imposed a three day suspension of the plaintiffs' liquor license and an additional ten day suspension or payment of a fine in the amount of $750.00 in lieu thereof as provided by § 30-6-A8 (k) of the Regulations of Connecticut State Agencies.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1]
and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v.FOIC, 212 Conn. 100, 104 (1989); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises, Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12 (1978). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgnerv. Alander, supra, 237 Conn. 280-81.
In the present case, the plaintiffs contend that there was not substantial evidence to support the Commission's findings.
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be CT Page 13338 reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) Dolgner v. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Id.
In the present case, in support of their argument, the plaintiffs point to contradictions and inconsistencies in the testimony and evidence. However, the determination of factual issues and resolving conflicts in the testimony was the responsibility of the Commission. Dolgner v. Alander, supra,237 Conn. 280; see also Noyes v. Liquor Control Commission,151 Conn. 524, 527 (1964).
As noted above, there was substantial evidence presented at the hearing to support the Commission's factual findings. Accordingly, the plaintiffs' argument must fail.
The plaintiffs' final argument is that the Commission failed to apply the correct legal standard for finding a permittee in violation of General Statutes § 30-86. The plaintiffs urge this court to adopt the standard articulated by the Supreme Court in Bohan v. Last, 236 Conn. 670 (1996). Specifically, the plaintiffs urge the court to limit the liability of purveyors of alcohol to those who "knew or had reason to know that they were making alcohol available to a minor." Id., 680. This court declines to do so, finding that Bohan v. Last is distinguishable.Bohan involved a wrongful death action brought against a purveyor, alleging violations of the Dram Shop Act. There, the court held that "unless the purveyors of alcohol knew or had reason to know that the person to whom they supplied alcohol was a minor, they have no common law duty to third party victims of the minor's intoxication." Id., 681. The court held that it was appropriate "to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor." Id., 680.
Obviously, the present case involves not the liability of a CT Page 13339 purveyor of alcohol to third party victims, but rather administrative sanctions imposed by the licensing authority.Bohan v. Last clearly is distinguishable on its facts. Knowledge is not an element of General Statutes § 30-86, regarding the sale of alcohol to a minor. This court declines to extend the holding of Bohan v. Last to encompass the facts here. Accordingly, the plaintiffs' argument that the Commission failed to apply the correct legal standard also will fail.
Based on the foregoing, the decision of the Commission will not be disturbed and the plaintiffs' administrative appeal therefrom is dismissed.
Michael Hartmere, Judge